State ex rel. Norton v. Lupton.

————o————

STATE OF MISSOURI, *ex rel.*, U. S. NORTON, Respondent, *vs.* J. U. LUPTON, Appellant.

1. *Quo warranto—Jury.*—In cases of information in *quo warranto*, defendant has no constitutional right to trial by jury.
2. *City council—Officer—Amotion—Proceedings, what facts should be shown by.* —In a proceeding by a city council for removal of an officer for misconduct in office, the specific acts complained of should be stated, in order that it may appear as a matter of law that that body has jurisdiction of the offense. No intendments on that point or as to the regularity of the proceedings can be indulged in.

*Appeal from Jasper County Court of Common Pleas.*

*Crow & Hess*, for Appellant, cited: K. C., St. Jo. & C. B. R. R. vs. Nelson, 62 Mo. 585; State to use vs. Lingo, 26 Mo. 500; High Leg. Rem., 437, 606, 676; State *ex rel.* vs. Stewart, 32 Mo. 381–382; State vs. Vail, 53 Mo. 107; State *ex rel.* vs. Lawrence, 389; Dil. Corp. Ed. 72, § 772; People vs. Scrugham, 20 Barb. 302.

*W. H. Phelps, with Walser & Cunningham*, for Respondent.

HOUGH, Judge, delivered the opinion of the court.

This was an information in the nature of a *quo warranto*, brought at the relation of W. S. Norton against the defendant, Lupton, for an alleged intrusion into and usurpation of the office of city marshal of the town of Joplin.

It appears from the record that the defendant was in October, 1873, elected city marshal of said town of Joplin, and soon thereafter duly qualified and entered upon the discharge of his duties. In the following April an order was made by the city council, removing him from office for some alleged official misconduct, and the relator was appointed to fill his place. In pursuance of a provision in the city charter authorizing the city council to provide by ordinance for the removal from office of all city officers, for neglect of duty or misconduct in office, an ordinance was passed declaring that any officer who should fail or refuse to obey any ordinance, resolution or order of the board of councilmen, should be deemed guilty of a neglect of duty, and that any officer who should willfully violate any ordinance, resolution or order of the city council, or any provision of the original or amended charter, or who should be guilty of habitual drunkenness, should be deemed guilty of misconduct in office. The following record was read in evidence to establish the amotion of the defendant: "Charges were preferred and filed by Judge Jacob Hogle, affiant, against J. W. Lupton, defendant, for misconduct in office and neglect of duty. Signed: Lee Taylor, Mayor, J. W. Ried, Clerk. April 15th, 1874. The case of the city of Joplin vs. J. W. Lupton was taken up and some additional evidence taken in behalf of the defendant; the board then retired for a few minutes, and returned the following verdict, viz: The board of councilmen find J. W. Lupton guilty of neglect of duty and misconduct in office, and, on motion, it was resolved that he be discharged from the office of city marshal and said office is hereby declared vacant."

The defendant demanded a jury which was refused, and the cause was tried by the court and a judgment of ouster was ren-

dered against the defendant, from which he has appealed to this court.

Some doubt has been expressed by the courts of last resort, in several of the States, as to whether the constitutional right of trial by jury extends to cases of information in the nature of *quo warranto*. (State *ex rel.* vs. Allen, 5 Kas. 213 ; State vs. Johnson, 26 Ark. 281.) In the latter case, the act of 3 Geo. II., c. 25, providing for juries in informations in the nature of *quo warranto*, was cited as supporting the view that at common law questions of fact in such cases were tried by the court, otherwise there would have been no necessity for the act. The old writ of *quo warranto* was a civil writ at the suit of the crown, and the information in the nature of a *quo warranto*, though originally a criminal prosecution, has long been regarded as a purely civil proceeding, notwithstanding the court still possesses the power to fine any person adjudged therein to be guilty of usurping, intruding into, or unlawfully holding and executing any office or franchise ; and if the provisions of our practice act, relating to trials by jury in civil cases, can be held to be applicable to informations in *quo warranto*, a jury to try disputed questions of fact in such cases, cannot be demanded as a matter of right. In the case of the State vs. Vail, 53 Mo. 97, which was an information in the nature of a *quo warranto*, brought by the attorney-general *ex officio*, it was said that the defendant was not entitled to demand a jury. In the case of the State vs. Townsley, which was a like proceeding, a jury was accorded *ex gratia*. We see no error in the refusal of the court to call a jury.

The record of proceedings before the city council, read in evidence, does not contain the specific charges against the defendant, if indeed any such were ever made. The general allegation of misconduct in office and neglect of duty is too vague and indefinite. The specific acts complained of should have been stated, in order that it might appear, as a matter of law, that the council had jurisdiction of the alleged offense. The proceeding authorized is summary, and the record should be precise. No in-

tendments can be indulged as to the jurisdiction and regularity of the proceedings of the city council in such cases.

The record is insufficient to show a lawful amotion, and the judgment will be reversed and the cause remanded ; the other judges concur.