THE STATE EX REL. EDWARD P. Fox, Appellant, v. HENRY ALT, Respondent.

St. Louis Court of Appeals, June 4, 1887.

1. QUO WARRANTO — APPELLATE PRACTICE. — An action of *quo warranto* is one at law, and the findings of fact, if supported by substantial evidence, are conclusive upon an appellate court.

2. ——— OFFICERS — TENURE. — A municipal office, held for no definite period of time, is one held at the will of the authority which conferred it, and may be vacated at any time.

APPEAL from the St. Louis Circuit Court, AMOS M. THAYER, Judge.

*Affirmed.*

GIVEN CAMPBELL and WILLIAM B. THOMPSON, for the appellant: The tenure of the office of Speaker of the House of Delegates is one year. Charter of St. Louis, art. 3. The right to preside over the House is a franchise. Dillon Mun. Corp., sect. 272 ; Ang. & Ames on Corp., chap. 12, sect. 6, p. 416.

LEVERETT BELL, for the respondent.

THOMPSON, J., delivered the opinion of the court.

This is an information in the nature of a *quo warranto*, requiring the respondent to show by what authority he claims to hold and exercise the office of

VOL. xxvi—43

Speaker of the House of Delegates of the city of St. Louis, and to show cause, if any he has, why judgment of ouster should not be rendered against him. The information is brought by the circuit attorney of the eighth judicial circuit, upon the relation of Edward P. Fox, who claims to have been illegally ousted from the exercise of the functions of the office by the respondent. The circuit court overruled a demurrer to the respondent's return, and, afterwards, the petitioner filed an answer to the return, all of which, except so much as traversed the return, was, by the court, stricken out on motion. The relator excepted to this ruling, but the exception was not renewed in his motion for new trial, nor is it assigned for error in this court. The propriety of the ruling is, therefore, not presented for review upon this appeal.

After this ruling the cause went to trial upon the issue made by the return, and the traverse thereof contained in the answer. The court proceeded to try the cause without a jury, according to the rule laid down in *The State ex rel. v. Lupton* (64 Mo. 415); heard a voluminous mass of evidence, refused three instructions tendered on behalf of the relator, and decided the case, upon conflicting evidence as to the facts, in favor of the respondent, dismissing the suit.

Although our supreme court, in the case just cited, held, contrary to the rule which generally prevails in other jurisdictions, that a jury is not demandable as of right in this proceeding, it none the less remains that it is a proceeding *at law*, originally in the nature of a criminal proceeding, though now regarded as of a civil character (*The State ex rel. v. Vail*, 53 Mo. 97; *The State ex rel. v. Lupton*, 64 Mo. 415); and, it being in the nature of an action at law, we have no power to re-try the facts on this appeal, but must hold that the determination by the court of the issues of fact, raised by the return, and the answer traversing the same, is conclu-

sive, there being substantial evidence to support the court's finding.

That finding, in substance, was a finding of the truth of the facts stated in the return; and, consequently, much of the argument presented in this court in behalf of the relator is directed against the sufficiency of the return. The facts thus found, substantially, were, that the House of Delegates being in session, with Mr. Fox, the relator, in the chair, exercising the office of Speaker, to which he had been duly elected, a motion was made to adjourn, which was, by the speaker, put to a *viva voce* vote, and by him declared to have been carried; whereupon he and some of the members left the hall, thus preventing an appeal from his decision, which was demanded; that the meeting was not adjourned in point of fact; that fourteen of the members remained in the hall, refusing to accede to the ruling of the Speaker; that another member afterwards came in, making fifteen members present altogether; that this number was a majority of all the members of the House of delegates, and constituted a quorum for the transaction of business; that this quorum thereupon proceeded to remove Mr. Fox, the relator, and elect Mr. Alt, the respondent, as Speaker of the House of Delegates, in the place of Mr. Fox. These facts show that the respondent was not usurping the office of Speaker, but that he was holding it in pursuance of the will of a majority of the members of the House of Delegates, expressed at an election at a regular meeting.

This election was valid and vested in the respondent a perfect title in the office, unless the position be a sound one, that the House of Delegates could not remove its Speaker without a regular trial upon charges preferred. We are of the opinion that this is not a sound position. Upon this point we entirely agree with Judge Thayer, who tried the case in the circuit court, in the view which he expressed in his opinion overruling the demurrer to the return. That view was: "The

right of an officer to notice, and to a trial or hearing, before sentence of deposition is pronounced, depends altogether upon the character of the tenure by which the particular office is held. If the tenure is for a period prescribed by law, or during good behavior, or if the removal can only be for specified causes, it is essential that the incumbent of the office should have notice and a hearing, before he is deposed. But in other cases, where an office is created, and power is given to some person or body to fill the same, and no particular term of office is specified, or grounds of removal defined, the power to depose the incumbent of such office is, usually, an incident of the power to appoint, and may be exercised by the appointing power without notice or hearing, for reasons that seem to it good and sufficient. In such cases the officer holds during the pleasure of the person or body that appoints him, and the power of removal is purely discretionary." In support of this expression of doctrine the learned judge cited, *Ex Parte Hennen* (13 Pet. 230, 256), and Dillon Mun. Corp., sect. 250, and cases there cited. These authorities support the doctrine above stated. The charter of the city of St. Louis neither prescribes the term of the office of Speaker, nor defines the grounds upon which he may be removed from office. It merely recites : " The presiding officer of the House of Delegates shall be designated ' Speaker', and be elected by the members thereof." Charter City of St. Louis, art. 3, sect.8. This office, then, aptly falls within the rule that the incumbent holds merely at the pleasure of the body by which he has been elected, and may be at any time removed by them.

Much of the argument presented on behalf of the relator is to the effect that the removal of the relator, and the election of the respondent, as the Speaker of the House of Delegates, was had in violation of the *rules* of that body. We do not see upon what principle this, if true, invalidates his election. Those rules have not, in any proper sense, the force of a public law.

They are merely in the nature of by-laws, prescribed for a deliberative body for the orderly and convenient conduct of its own proceedings. The power that made them can unmake them, or disregard them. The rules of public deliberative bodies, whether codified in the form of a "manual," and formally adopted by the body, or whether consisting of a body of unwritten customs or usages, preserved in memory and by tradition, are matters of which the judicial courts, as a general rule, take no cognizance. It is a principle of the common law of England that the judicial courts have no conusance of what is termed the *lex et consuetudo parliamenti*. *Reg. v. Patey*, 2 Salk. 503; s. c., 2 Ld. Raym. 1105; *Murray's case*, 1 Wills, 299; *Crosby's case*, 1 Mod. 144. And, although this doctrine is not acceded to, in this country, to the extent to which it has gone in England, where the judicial courts have held that they possess no jurisdiction to judge of the powers of the House of Parliament, yet no authority is cited to us, and we do not believe that respectable judicial authority exists, for the proposition that the judicial courts have power to compel legislative, or *quasi*-legislative, bodies to proceed in the conduct of their deliberations, or in the exercise of their powers, in accordance with their own rules. If the Congress of the United States disregards the constitution of the United States, or, if the legislature of one of the states disregards the constitution of the state, or of the United States, the power resides in the judicial courts to declare its enactments void. If an inferior *quasi*-legislative body, such as the council of a municipal corporation, disregards its own organic law, that is, the charter of the corporation, the judicial courts, for equal, if not for stronger, reasons, possess the same power of annulling its ordinances. But we are not aware of any judicial authority, or of any legal principle, which will authorize the judicial courts to annul an act of the legislature, or an ordinance of a municipal council, merely because the one or the other

was enacted in disregard of the rules which the legislature, or the municipal council, or either house thereof, had prescribed for its own government. Nor are we aware of any principle or authority which will warrant us in setting aside the action of one of the houses of a municipal legislature, in removing from office one of its officers, who holds his office at its mere pleasure, and in appointing, in his stead, another member, although such action may be irregular, in the sense of having taken place in disregard of the rules of procedure of such house. Unless they have proceeded in such a matter in violation of the law of the land, or of the charter of the municipality, which is their organic law, we have no power to superintend their proceedings or annul their acts.

We, therefore, affirm the judgment of the circuit court, dismissing the proceeding. Rombauer, J., concurs in the result; Lewis, P. J., is absent.