HULETT v. MISSOURI, KANSAS & TEXAS RAILWAY COMPANY, *Appellant*.

Division Two, June 14, 1898.

1. **Laws:** "DUE PROCESS OF LAW." The terms "due process of law" and "the law of the land" are interchangeable terms; they mean one and the same thing. Where a defendant is brought before the court and has full opportunity for a defense, the constitutional provision respecting due process of law is fully complied with.

2. **Constitutional Question:** INVASION: PRACTICE. If a defendant feels his constitutional rights are being denied, it is his duty to call the attention of the trial court to that part of the Constitution that is being invaded, and not content himself with the general objection that his rights as guaranteed by the Constitution are being disregarded.

3. **Appellate Jurisdiction:** CONSTITUTIONAL QUESTION: INSTRUCTIONS. Inasmuch as no constitutional question was involved in this case on the question of "due process of law," the appellant can not change his appeal from the court of appeals to this court by asking this instruction: "To hold the defendant liable in this case would violate its rights guaranteed by the Constitution of the State of Missouri and of the United States, and would deprive defendant of its property and rights without due process of law."

*Appeal from Cooper Circuit Court.*—HON. D. W. SHACKLEFORD, Judge.

TRANSFERRED TO KANSAS CITY COURT OF APPEALS.

*Geo. P. B. Jackson* for appellant.

(1) The action of the court below was violative of the defendant's rights under the Constitutions of the United States and of this State. R. S. 1889, sec. 2543; Const. of Mo., art. 2, secs. 20, 21 and 30, and art. XII, sec. 4; Const. of U. S., 14 amd., sec. 1.

*Sam C. Major* and *W. M. Williams* for respondent.

SHERWOOD, J.—The Missouri, Kansas & Eastern Railway Company made a cut and constructed its track on Main street in Rocheport, in front of plaintiff's lots and afterward laid down its track and a switch in such excavated street.    Such excavation was below the surface and grade of the street a depth of from three to seven feet, thereby cutting off all access to plaintiff's lots from Main street. Afterward the Missouri, Kansas & Eastern Railway Company placed the defendant company in full possession and control of said track, and defendant company with full notice, etc., continued such obstructions in said street and operated said road and switch.    The defendant's answer was in substance a general denial.    Upon trial had, the plaintiff having sued for $1,500 damages, recovered a verdict for $750, and defendant appealed to this court.

Among the instructions asked by defendant and refused by the trial court, was this one:    "To hold the defendant liable in this case would violate its rights guaranteed by the Constitution of the State of Missouri and of the United States, and would deprive the defendant of its property and rights without due process of law."

Mr. Webster in the *Dartmouth College* case gave this definition of the law of the land:    "By the law of the land is most clearly intended the general law; a law which hears before it condemns; which proceeds upon inquiry, and renders judgment only after trial."    4 Wheat. 581.    The terms "due process of law" and "the law of the land" are interchangeable terms; they mean one and the same thing.    Cooley, Const. Lim. [6 Ed.] 430, and cases cited.    "In judicial investigations the law of the land requires an opportunity for a trial."    *Ib.*

Hulett v. M., K. & T. R'y Co.

452. In the case at bar the defendant was brought before the court; had full opportunity for a defense, and thereby the constitutional provision respecting "due process of law" was fully complied with.

Chancellor KENT says: "The better and larger definition of due process of law is, that it means law in its regular course of administration through courts of justice." (2 Kent, 13.) This provision of the Constitution was not designed to further nor promote *absolute justice*. Its only end and purpose were to give a party his day in court with the incidental right to introduce his proofs, etc. The court or jury, or both combined, may, during the trial do a party the most flagrant injustice, and yet his redress does not consist in invoking the constitutional provision now being commented on, but in an appeal to a higher court. It must be obvious, that, if every time a court or jury should, in the course of a trial, do a party defendant a palpable and obvious wrong, that thereupon his constitutional rights in the particular mentioned must be deemed to be invaded, then the appellate jurisdiction of this court would greatly, and indeed inconceivably, be enlarged. For illustration, take the case of a party sued on a forged note, he is duly brought into court; he makes his defense, but the jury find for the plaintiff. In such a case it seems too clear for discussion that no constitutional right of the defendant has been violated. Just so in the case at bar.

As to the generalities contained in the instruction mentioned relative to the Constitution of this State and of the United States, it suffices to say that neither the court below nor this court has any call to search through the respective organic laws of the State or Union in order to find out in what particular either of them may have been supposed to be violated. The trial court, therefore, did right in refusing the instruction

aforesaid, conceding for the moment that an instruction in relation to a constitutional question is, in any case, suitable to give to a jury.

The premises considered, inasmuch as we hold that there was no constitutional question presented to the lower court, and inasmuch as the amount sued for and recovered does not come within the appellate jurisdiction of this court, we order this cause transferred to the Kansas City Court of Appeals.    All concur.