CITY OF INDEPENDENCE to use of PARKER-WASHINGTON COMPANY and PARKER-WASHINGTON COMPANY, Appellants, v. KNOEPKER and NAGEL.

**Division Two, July 1, 1907.**

1. **APPELLATE JURISDICTION: Constitutional Question.** A reference in the instruction to a constitutional provision which in no manner relates to any issue in the cause, does not give the Supreme Court jurisdiction over the appeal.

2. ———: ———: **Time to Complete Work.** Where the instruction asked told the jury that under a certain section of the Constitution the city had authority by ordinance to grant additional time in which to complete the public work, and that section simply provides for four classes of cities and general charters for each class, the issue of whether or not the city had authority to extend the time to complete the public work was not thereby made a constitutional question, and the instruction did not give the Supreme Court jurisdiction of the appeal.

3. ———: ———: **In Motion for New Trial.** Where one ground for a motion for a new trial was that the giving of a peremptory instruction to find for defendants deprived plaintiff of its property without due process of law under the State and Federal constitutions, and that point is then made for the first time, and none of the questions presented to the trial court for determination required a construction of the Constitution, the Supreme Court is not thereby given jurisdiction of the appeal.

4. ———: ———: **Construction Must be Involved.** In order to give the Supreme Court jurisdiction of the appeal on the ground that a constitutional question is involved, a construction of the Constitution must in some way be involved in the decision which determines the rights of the parties.

Appeal from Jackson Circuit Court.—*Hon. J. V. C. Karnes*, Special Judge.

TRANSFERRED TO KANSAS CITY COURT OF APPEALS.

*Ball & Ryland* for appellants.

The jurisdiction of the case on appeal is in this court. In re Opening Essex Avenue, 44 Mo. App. 288, 121 Mo. 98; Neill v. Gates, 152 Mo. 585; Heman Construction Co. v. Loevy, 179 Mo. 455; State ex rel. v. Smith, 177 Mo. 69; Joplin Mining Co. v. Joplin, 48 Mo. App. 601.

*James M. Callahan* and *Flournoy & Flournoy* for respondents.

To give this court jurisdiction in this case two things are necessary: First, a constitutional question must be involved in the proper determination of the case, and, second, that particular question must be properly raised upon the record. No constitutional question that was involved in the determination of the case was raised by appellant, hence this court has no jurisdiction. Hulett v. Railroad, 145 Mo. 35; Brown v. Railroad, 175 Mo. 185; Ash v. Independence, 169 Mo. 77; Excelsior Springs to use v. Ettenson, 188 Mo. 129.

GANTT, J.—This is an action to enforce a special taxbill against the defendants' adjoining property for $114.83. The answer alleged that the taxbill was void and of no effect, because the resolution passed by the council preliminary to the doing of the work did not sufficiently describe the kind of paving to be made and did not give the property-owner definite notice of the kind and quality of the pavement as required by the charter of the city, a city of the third class; and, second, that the ordinance by virtue of which the paving was done was ineffectual to create a lien, for the reason that it did not conform to the requirements of the resolutions. Third, that the street was not completed within the time required by the ordinance. Fourth, that the work was not done in accordance with

the contract and when completed was so inferior as to be practically worthless. Fifth, that the cost of the work was not proportioned in accordance with the requirements of the charter. The reply was a general denial. There was a verdict and judgment for the defendants and the plaintiff appealed.

It appears that the contract was entered into and approved by the council on the 31st day of August, 1898. Among other provisions of the ordinance was the following: "The work herein provided for shall be commenced within thirty days from the date of letting the contract and be completed within ninety days from the time the contract takes effect." It appears that on September 29, 1898, the construction company was notified not to touch the old pavement until they had sufficient amount of material in sight to complete the contract, unless they were otherwise ordered in writing. And that afterwards on October 10, 1898, they were notified to proceed with the work without delay. It seems the work was not completed within the ninety days. On the twenty-ninth of November, 1898, the city passed another ordinance whereby the time for the completion of the contract was extended for ten full working days and providing that for each or every day for said period that the work might be prevented or interfered with by inclement weather, an additional day was given to construct the pavement. At the conclusion of all of the evidence the court gave a peremptory instruction to the jury to find for the defendants.

Among other instructions prayed by the plaintiff was one numbered five as follows: "The court instructs the jury that the city of Independence, at the time of letting the paving contract read in evidence, and the doing of the work, had under the provisions of section 7 of article 9 of the Constitution of Missouri and charter of the city, the power and authority to

grant by ordinance reasonable additional time if necessary, to complete the work," etc.

The jury having returned the verdict for the defendants, the plaintiff filed its motion for a new trial, and among other grounds assigned the following: "10, because the peremptory instruction of the court to find the issues in favor of the defendants deprived the plaintiff of the right of property without due process of law, and deprived the plaintiff of the equal protection of the law within the meaning of the provisions of the Constitution of the State of Missouri and of the Constitution of the United States."

I. Preliminary to any investigation of the various points raised upon the other instructions in the case and the rights of the parties under the ordinance, the jurisdiction of this court is challenged on the ground that no constitutional question was raised by the appellant in the circuit court. It is apparent that the amount involved does not give this court jurisdiction and unless jurisdiction can be predicated upon the refusal of the instruction number five and upon the 10th assignment for new trial, this court has no jurisdiction. Was a constitutional question raised by instruction number five? By reference to that instruction it will be seen that it refers to section 7 of article 9 of the Constitution of this State, but that section has reference solely to the organization and classification of cities under the Constitution of 1875, and provides: "The General Assembly shall provide, by general laws, for the organization and classification of cities and towns. The number of such classes shall not exceed four; and the powers of each class shall be defined by general laws, so that all such municipal corporations of the same class shall possess the same powers and be subject to the same restrictions. The General Assembly shall also make provisions, by general law, whereby any city, town or village, existing

by virtue of any special or local law, may elect to become subject to, and be governed by, the general laws relating to such corporations." This section has not the remotest bearing upon any question or issue raised by the pleadings or the evidence in this case, certainly not upon the power of a city to extend the time for the completion of the work under a contract for a public improvement such as the paving of a street. This is the only provision of the Constitution of this State that was referred to in the pleadings or in any instruction requested or refused by the court. We think it is too clear for argument that the reference to the constitutional provision which in no manner relates to any issue in the cause, cannot be made the basis for giving this court jurisdiction.

II. Did the tenth assignment in the motion for a new trial by plaintiff raise a constitutional question so as to give this court jurisdiction? That ground, it will be seen, was simply that a peremptory instruction to find the issues in favor of the defendant deprived the plaintiff of its property without due process of law within the meaning of the Constitution of Missouri and the Federal Constitution. In Hulett v. Railroad, 145 Mo. 35, this instruction was asked: "To hold the defendant liable in this case would violate its rights granted by the Constitution of the State of Missouri and of the United States, and would deprive the defendant of its property and rights without due process of law." After quoting Mr. Webster's definition of the meaning of the phrase, "The law of the land," and pointing out that "due process of law" and "the law of the land" are interchangeable terms, this court said: "In the case at bar the defendant was brought before the court; had full opportunity for a defense, and thereby the constitutional provision respecting 'due process of law' was fully complied with. . . . As to the generalities contained in the instruc-

tion mentioned relating to the Constitution of this State and of the United States, it suffices to say that neither the court below nor this court has any call to search through the respective organic laws of the State or the Union in order to find out in what particular either of them may have been supposed to be violated. The trial court, therefore, did right in refusing the instruction aforesaid, conceding for a moment that an instruction in relation to a constitutional question is, in any case, suitable to give to a jury." That case was approved in Excelsior Springs to use v. Ettenson, 188 Mo. l. c. 132. In Ash v. City of Independence, 169 Mo. 77, it was said that to bring into question the constitutionality of a statute the specific provision of the Constitution thought to be infringed must be pointed out. The same rule was declared in St. Joseph v. Life Ins. Co., 183 Mo. 1. In the case at bar, the plaintiff brought its action and the defendants were duly served and brought into court and a trial and an opportunity to be heard were granted to the plaintiff, and the questions for determination were whether the ordinances relied upon by the plaintiff were sufficient under the general law governing cities of the third class as found in the Laws of 1893, at page 65, and following; and whether the specifications for the work were definite enough in order to give notice to propertyholders or to sustain an ordinance; and whether the formula which accompanied the bid of the successful bidder had the effect of supplementing the ordinance, and whether the contract was performed within the provisions of the contract. None of these questions required any construction of the Constitution and were all questions which the Court of Appeals had jurisdiction to determine. After a careful examination of the record, we are of the opinion that the tenth assignment in the motion for a new trial under the ruling in Hulett v. Railroad, 145 Mo. 35, and the cases affirm-

ing that decision, was not sufficient to give this court jurisdiction of this appeal, and accordingly it is ordered that this record be transferred to the Kansas City Court of Appeals for determination.

*Fox, P. J.,* and *Burgess, J.,* concur.