STATE OF MISSOURI ex rel. J. H. MASON, Prosecuting Attorney within and for the County of Greene, State of Missouri, Relator, v. THE SPRINGFIELD AFRICAN SOCIAL AND IMPROVEMENT CLUB, Respondent.

Springfield Court of Appeals, March 3, 1913.

1. QUO WARRANTO: Trial of Defendant by Jury: No Constitutional Right to. In case of information in *quo warranto* proceedings the defendant has no constitutional right to trial by jury.

2. ————: **Criminal Proceedings against Corporation's Agents: May Be Simultaneous.** A corporation may be proceeded against by *quo warranto* for a misuse or perversion of the franchise conferred upon it by the State and its officers and agents may at the same time be amenable to the criminal law for offenses committed by them in perversion of such franchise. Nor is a conviction of the corporation's agents for a criminal offense an essential prerequisite to a *quo warranto* proceeding against a corporation for abuse of its franchise.

3. ————: **Courts of Appeal Have Jurisdiction to Issue.** Section 3444, R. S. 1909, does not confer on the circuit court of the county in which a corporation is located exclusive original jurisdiction to inquire, by *quo warranto* proceedings, into alleged unlawful acts of misuser or nonuser of its franchise. Art. 6, secs. 3 and 12, of our Constitution, confers upon our Supreme Court and Courts of Appeals jurisdiction to issue *quo warranto* and other remedial writs, such jurisdiction being limited to and coextensive with the subject-matter of which the court would have jurisdiction in the event of an appeal.

4. ————: **Allegations and Conclusions of Pleader.** Allegations that another action is pending in circuit court, having the same object in view as the case in hand, which allegations state no substantive facts which would enable the court to ascertain for itself what allegations and issues are in the suit alleged to be pending in the circuit court, are considered as mere conclusions of the pleader.

5. **CORPORATIONS: Franchise Must Not Be Abused.** Sec. 3432, R. S. 1909, which provides for the organization of associations "for benevolent, religious, scientific, fraternal, beneficial and educational purposes" is by this court considered *hardly comprehensive enough* to take in "crap shooting, poker games, illegal sales of intoxicating liquors, shooting scrapes and the congregating of men and women of bad repute;" and the "African Social and Improvement Club" is ousted of its franchise and charter grants and the same are forfeited to the State and the corporation is dissolved.

## Quo Warranto.

*Sam M. Wear,* Prosecuting Attorney of Greene County, for relator.

*T. J. Delaney* for respondent.

WRIT OF OUSTER AWARDED.

ROBERTSON, P. J.—On December 14, 1912, the prosecuting attorney of Greene county filed in this court his information against the defendant alleging its organization and incorporation in 1910, under and by virtue of the provisions of chapter 33, article 10, of the Revised Statutes of Missouri for 1909, for the purposes set out in the articles of incorporation, as follows:

"The objects of this organization are fraternal and social and to promote temperance and brotherhood amongst men of color or as commonly called of African descent.

"To accomplish such objects a club room shall be provided where members may meet for social intercourse and for transacting the business of the club.

"The board of trustees shall also provide for a reading room and for the purchase of books and magazines from time to time, they shall also provide a room for pool and billiard tables for the recreation of members, and as the condition of the organization will permit such board may provide a room for athletics. From time to time such board shall provide for musical and literary entertainments and banquets as the funds of the organization will permit. The further object of said organization will be the uplifting of the African American citizens by full and open discussion amongst the members and such speakers, instructors and lecturers as may from time to time be invited, of questions social, economical and political and for the advancement of our race, especially in the city of Springfield, and for the better relation with our brother white citizens and to a better understanding and cooperation between them."

The information charges that the corporation is a resident of the city of Springfield and that the respondent has ever since its organization continually, notoriously and willfully at said place offended against and violated the laws of the State and grossly per-

verted and misused its corporate authority, franchise and privileges and has unlawfully assumed and usurped franchises and privileges not granted to it by the laws of the State of Missouri, especially in that it has not at any time pursued or attempted to pursue the objects and privileges as set forth in its articles of association, that from the date of its organization up to the filing of said information, the respondent, through its officers, agents, employees and members, has conducted within said city of Springfield a gaming and disorderly house, and has engaged, permitted, aided, abetted and assisted persons in meeting in the rooms of the association and engaged in the open and gross violation of the laws of the State, more especially sections 4750, 4751, 4753 and 4754, Revised Statutes 1909, and that it has not kept or performed any of the alleged objects and purposes of its organization, and praying that the respondent may be ousted of all its franchises and corporate privileges and that the same may be declared forfeited.

The same day on which the information was filed, summons was issued and thereafter returned served. On December 19, 1912, the relator filed a motion for judgment, respondent not having made any return; and at that time respondent filed an application for an extension of time in which to make its return. The time was thereupon extended upon the application until December 23, 1912, at which time the return hereinafter discussed was filed. On December 23, 1912, an order was entered in this court, a portion of which reads as follows:

"It is ordered and adjudged by the court by and with the consent of the parties hereto that the marshal of this court take immediate charge of the premises and the property of the said respondent and hold the same safely and securely pending the further orders of this court."

It was also further ordered that Harry H. Mitchell be appointed commissioner of the court to take testimony, with full power to subpoena witnesses, administer oaths, and employ a stenographer to take and transcribe the testimony; and the further hearing of the cause was set for Thursday, January 9, 1913.

On January 8, 1913, the commissioner filed his report, which included the testimony taken in the cause.

The return of the respondent, except as to the italicized words and figures, was as follows:

"Comes respondent and for return herein respectfully says that it protests against the original jurisdiction of this honorable court herein and protests to the procedure herein and does not by its appearance hereto to make return to the writ herein issued and does not by its return thereto intend to waive and does not waive its objections to said jurisdiction and to said procedure, but expressly reserving all objections thereto for its plea and return says that respondent here was duly incorporated in and by the said name on the ——— day of —————, 1910, by a *pro forma* decree of the circuit court of Greene county, Missouri, under chapter 33, of article 10, Rev. Stat. of Missouri, 1909, and that under the laws of said State the said circuit court has original exclusive jurisdiction to regulate the said respondent or to revoke the powers by said decree created.

"Wherefore, respondent prays that the writ issued herein be quashed and the application dismissed, and for such other relief as to this court may seem meet and proper.

"For further and distinct return and still protesting against the jurisdiction of this honorable court and against the procedure herein and respectfully stating that by its appearance to make return to the writ issued herein and by making said return, it does not intend to waive and it does not waive its objections

on such ground but expressly reserves the same for its plea and return, nevertheless says that prior to the filing of the application herein and prior to the issuance of the writ herein, to-wit: On the 7th day of December, 1912, the relator herein, in the circuit court of Greene county, Missouri in Division No. Two of said court filed an application against respondent herein in the name and against each and all the officers thereof setting forth substantially the same allegations as are in the petition and writ herein contained, and alleging that defendants therein constituted the re-spondent club and were operating a club under said name and praying a dissolution and ouster of said club and praying for a restraining order therein.

"Respondent states that the parties in both said proceedings are the same and that the issue in both proceedings are identically the same and that the same evidence will be adduced in each case in support of the aplication for *quo warranto* and that the same evidence will be adduced by respondents therein to defeat said application as will be adduced in support of and in resistance to the petition herein.

"And respondent, further answering, says that upon said application *ex parte,* and without notice to respondents therein, who are and were at said time the officers of respondent herein, the said circuit court of Greene county issued its restraining order restrain-ing said respondents from in any manner conducting or operating said club. Respondent says that in re-spect to and in obedience to said order the respondents therein named and respondent herein has absolutely refrained from opening its said club or its rooms and has absolutely refrained from conducting said club in any manner, and respondent says it will obey the said commands of said court.

"Respondent says that said writ is made return-able to the January, 1913, term of said court and that

the same is now pending and the injunction therein granted and served is now in full force.

"Wherefore, respondent says that the said circuit court of Greene county, a court of competent jurisdiction and the court which entered the *pro forma* decree organizing respondent has full and prior jurisdiction in the premises and the proceedings herein are cumulative and oppressive.

"And respondent therefore prays that ·this proceeding be abated, the writ issued herein quashed and the petition herein be dismissed, and for such other relief as to this court may seem meet and proper. ·

"And for further return to the writ and petition herein and still respectfully protesting to the jurisdiction of this honorable court and not intending to waive such contention by this appearance and answer but expressly reserving all rights in the premises, for such return and plea respondent further says that this honorable court has not jurisdiction herein and that the proceedings herein are in violation of the rights guaranteed to this respondent and to the officers and members thereof by the Constitution of the State of Missouri and especially by sections *22, 28 and 30 of article II of the State of Missouri and of article 14 of the amendments to the constitution of United States.*

"In support of such return and plea, respondent says that by the application herein relator charges and charges only that respondent by and through its officers and members has been guilty of violations of the criminal laws of the State of Missouri, which it denies, and the sole purpose of such inquiry is to have respondent and its said officers and members found and adjudged guilty of such violations and with such basis to revoke the charter of respondent. ·

"That by reason of the premises relator prays this honorable court to usurp the functions of a jury and to deny to the respondent and its said officers and members a trial by jury. Respondent respectfully

says that before it or any of its members or its officers can be deprived of its and their rights under the law and of the right to so meet and pursue the rights and enjoy the privileges guaranteed by said Constitution on the grounds that the criminal laws of said State have been invaded, a conviction must first be had and obtained according to the law of the land, to-wit, on an indictment or information duly returned or presented as prescribed by sections 22, 28 *and* 30, article *II* of said Constitution; and such verdict of guilty must be duly returned by a jury empanelled and upon a trial by a jury as heretofore enjoyed and especially as existing at the date of the adoption of said Constitution as fully provided by sections 22, 28 *and* 30, article *II* of said Constitution.

"Respondent says that by this procedure relator attempts and intends to deprive respondent and each and every one of its officers and members of its and their rights under the law by attempting to show a violation of said criminal laws and by depriving it and them and each of them of the presumption of innocence which would be indulged in a criminal case and by avoiding the necessity of establishing such violation beyond a reasonable doubt.

"Respondent says that by reason of the premises, and if this honorable court, should entertain jurisdiction herein, the respondent and each of its members would be deprived of the rights guaranteed by the said Constitution and especially by sections ——.

"Wherefore, respondent prays that said writ be quashed and this application dismissed, and for such other relief as to this court may seem meet and proper.

"And still protesting against the jurisdiction of this honorable court herein and without intending to confer such jurisdiction by this appearance and answer, but expressly reserving all such objections, respondent for further return, denies each and every allegation in the said petition contained, and to each

and every recital in the said writ contained, except that the said respondent, was organized as aforesaid, and demands strict proof of all said averments of violations of law as therein contained and of this puts itself upon the country and respectfully demands the judgment of the peers on all questions of fact tendered by the issues herein.

"Wherefore, respondent prays judgment."

After the oral argument of the case on January 9, 1913, the respondent, over the objection of the relator, interlined the designation of the sections and articles of the Constitution italicized in the above copy of its return.

The respondent appeared at the time and place fixed by the commissioner for taking testimony and filed the following protest:

"Comes now the respondent and still protesting against the jurisdiction of the Springfield Court of Appeals in the premises, and appearing at this hearing for such purpose only to protest against the hearing herein, and to protest against the taking of evidence until such honorable court shall determine that it have jurisdiction herein, doth move and say that this hearing should not proceed because the said court has no jurisdiction herein and respondent protests against the taking of any evidence herein."

The respondent offered no testimony.

The testimony of the present and prior police force of Springfield was taken in behalf of relator disclosing that the organization, in open defiance of the policemen. of the city of Springfield, had since the organization of the association been engaged solely in the flagrant violation of the sections of the statutes referred to in the relator's information; that when one policeman sought to gain admission to the rooms of the club in order to suppress law violations he was advised by one of the members of the organization that if he undertook anything of the kind that he

would shoot him; that when they sought to gain admission into the rooms the doors were locked; that disturbances were continually in progress at their club rooms; that almost continually indecent and offensive language was used there; that there had been various fights and shooting scrapes at this club; that the club was frequented by women and men of bad repute; that they were engaged in the illegal sale of intoxicating liquors and of harboring women of bad repute; that crap shooting was carried on and one of the members ran a poker game; and that the place where the association held forth had by reason of the noises and disturbances become a public nuisance.

Section 3432, R. S. 1909, provides for the organization of associations "for benevolent, religious, scientific, fraternal-beneficial or educational" purposes. The mere statement of the situation involved in these proceedings sufficiently magnifies the conditions surrounding this organization and will so thoroughly convince the most casual reader of the folly of the State permitting the franchise to continue that no good purpose could be served by commenting thereon.

The respondent by its return undertook to set up as a bar that there was another action pending in the circuit court of Greene county, having the same object in view as this suit. It is alleged in the return that the application there filed sets forth "substantially the same allegations as are in the petition and writ herein contained" and that "the issues in both proceedings are identically the same." These allegations are simply the mere conclusions of the pleader and state no substantive facts as should be done to the end that this court may ascertain for itself in regard to what the allegations and issues are in the suit alleged to be pending in the circuit court of Greene county. [Hendricks v. Calloway, 211 Mo. 536,557, 111 S. W. 60.] The respondent did not see fit to offer any testimony in support of even this

general allegation and, therefore, that contention as to the pendency of the suit in the circuit court is not before us for consideration.

Respondent contends in its return that the circuit court has original exclusive jurisdiction to regulate it or to revoke the powers by the *pro forma* decree of that court created. Section 3444, R. S. 1909, does confer upon the circuit court of the county in which any corporation so organized shall be located, upon proceedings by information in the nature of a *quo warranto*, the right to inquire into any alleged unlawful acts of misuser or nonuser of its franchise. We are of the opinion that this does not confer exclusive original jurisdiction on the circuit court. Section 22 of article VI of the Constitution of this State provides that the circuit court shall have exclusive original jurisdiction in all cases not otherwise provided for. Section 3956, R. S. 1909, second paragraph, provides that the circuit court shall have exclusive original jurisdiction in all civil cases which shall not be cognizable before the county courts, probate courts and justices of the peace, and not otherwise provided for by law. But section 3, article VI of our Constitution confers jurisdiction upon the Supreme Court to issue *quo warranto* and other remedial writs; section 12 of the same article confers similar jurisdiction upon the St. Louis Court of Appeals and section 4 of the Amendment of 1884 confers similar jurisdiction upon the Kansas City Court of Appeals "and to such additional courts of appeal as may be by law created."

In State ex rel. v. Nortoni, 201 Mo. 1, 25, 98 S. W. 554, it is held "that courts of appeal have the same power to issue original writs and have the same control of all inferior courts that the Supreme Court has, when they have jurisdiction, or are not proceeding in excess of their jurisdiction, is not controverted." In State ex rel. v. Branch, 28 Mo. App. 131, it is said that, "The constitutional provisions conferring juris-

diction upon this court to grant a writ of *quo war-ranto* is identical with that conferring jurisdiction on the Supreme Court, in such matters. The same rule of construction and of practice should apply in both courts.'' It is thus apparent that jurisdiction has been ''otherwise provided for'' in this court as contemplated in said section 22 of article VI of the Constitution and in section 3956, R. S. 1909. Our jurisdiction, however, is limited to and coextensive with the subject-matter of which we would have jurisdiction in the event of an appeal. [State ex rel. v. Nortoni, 201 Mo. 1, 28, 98 S. W. 554; State ex rel. v. Rombauer, 101 Mo. 499, 14 S. W. 726.] And as we have appellate jurisdiction in a case of the character of the one now under adjudication, we necessarily have original and concurrent jurisdiction with the circuit court.

The respondent by its return further seeks to rely upon the constitutional provisions for a trial by jury, and while it may be true that the respondent in this case did not incorporate in its return the specific sections and articles of the Constitution upon which its reliance was placed and did not have its return so specific when filed, at the time the testimony was taken, or at the time it was agreed that the marshal of this court should take immediate charge of the premises and the property of the respondent, but interlined the italicized portions of the return after the oral argument upon the final hearing of the case, and while it may be true that respondent must come into the open and point out the specific provision of the Constitution upon which it relies (Lohmeyer v. Cordage Co., 214 Mo. 685, 688, 113 S. W. 1108; Hulett v. Railway Co., 145 Mo. 35, 37, 46 S. W. 951) and that ''in so grave a matter as a constitutional question it should be lodged in the case at the earliest moment that good pleading and orderly procedure will admit under the circumstances of the given case, otherwise it will be waived'' (Lohmeyer v. Cordage Co., supra), yet

we may assume for the purpose of reaching our conclusion in this case that the constitutional question of the relator's right to a trial by jury is raised, and so conceding we find that the Supreme Court of this State as early as 1877, in the case of State ex rel. v. Lupton, 64 Mo. 415, held that in case of information in *quo warranto* proceedings the defendant has no constitutional right to a trial by jury. Also, in State ex rel. v. Delmar Jockey Club, 200 Mo. 34, 51, 92 S. W. 185, 98 S. W. 539, it is said that, "There can be no doubt that a corporation may be proceeded against by *quo warranto* for a misuse or perversion of the franchise conferred upon it by the State notwithstanding its officers and agents may at the same time be amenable to the criminal law for offenses committed by them in perversion of such franchise . . . Nor are we prepared to give assent to the contention that the defendant corporation could not be held to answer for such wrongful acts until its agents guilty of the criminal offense, be tried and convicted." To the same effect is the holding in the case of State ex rel. v. Standard Oil Co., 218 Mo. 1, 350, 116 S. W. 902.

After the Supreme Court has determined that a particular proceeding is constitutional, such question is no longer debatable and is not a question for consideration, and by reason of the above decisions of the Supreme Court we are not required to determine the constitutionality of any issue sought to be raised by the return in regard to the right of the respondent to a jury trial. [State v. Campbell, 214 Mo. 362, 113 S. W. 1081; Lohmeyer v. Cordage Co., supra.]

It necessarily follows from what has been said above that the respondent should be ousted of all of its franchise and charter grants and that the same be forfeited to the State, the corporation dissolved and the respondent pay the costs of this proceeding; and it is ordered that the judgment of this court be so entered. All concur.