[No. 12460.  In Bank.— January 19, 1889.]

THE PEOPLE EX REL. ATTORNEY-GENERAL, APPELLANT, *v.* W. E. EICHELROTH, RESPONDENT.

COUNTY PHYSICIAN — GRADUATE IN MEDICINE — CONSTRUCTION OF COUNTY GOVERNMENT ACT. — The county government act requiring the board of supervisors to appoint some suitable graduate in medicine to attend to the indigent sick and dependent poor does not require that the county physician shall have received a degree in a medical college or university, but authorizes the appointment of one who has passed a satisfactory examination before the board of examiners of the state medical society, and is legally licensed to practice medicine and surgery under the laws of the state.

ID. — STATUTORY CONSTRUCTION. — The object of a statute is to be considered in its construction; and when the meaning of the words is not clear, the statute should be given such construction as will not deprive the person interested in its construction of a substantial right.

APPEAL from a judgment of the Superior Court of Tuolumne County.

The facts are stated in the opinion of the court.

*Attorney-General Johnson*, and *F. P. Otis*, for Appellant.

*P. Reddy*, and *W. H. Metson*, for Respondent.

PATERSON, J.—This is an action to oust the defendant from the office of county physician of Tuolumne County, on the ground that he was not at the time of his appointment and is not now "a suitable graduate in medicine."

On March 8, 1887, the board of supervisors of Tuolumne County appointed the defendant physician for the county hospital and jail and indigent sick of said county, for the term of one year.  The act under which the appointment was made provides that "the board shall also appoint (not let to the lowest bidder) some suitable graduate in medicine to attend such indigent sick or otherwise dependent poor."  (County Government Act, sec. 25, subd. 5.)

The case was submitted upon an agreed statement of facts, and the court below rendered judgment for the defendant.

The defendant has been in the continuous practice of medicine and surgery for about forty-three years; in this state since 1852.  During the fourteen years last past he has been the county physician of Tuolumne County, and while engaged in the practice of medicine and surgery, has attended to the indigent sick of said county.  He studied medicine for one year in the University of Yena, Germany, and has been superintendent of hospitals in different parts of this country, but has never received a diploma from any medical college, and never was graduated at any college, school, or university which confers the degree of doctor of medicine.

Under the act of April 3, 1876, the state medical society of this state appointed a board of examiners.  The defendant went before said board of examiners, and after being duly examined, received from said board, on the

thirteenth day of December, 1876, a certificate and license in due form, signed by the members of the board, authorizing him to practice medicine and surgery in this state.

The case turns on the meaning of the words "some suitable graduate in medicine." Technically, the word "graduate" implies a degree and regular curriculum. Webster defines the verb "graduate," "to pass to or to receive a degree in a college or university." But we do not think it necessary to give to the word as used in this statute a strict and technical definition. In the construction of a statute, the intention of the legislature is to be ascertained, not so much from the phraseology in which the intent has been expressed, as the general tenor and scope of legislation on the subject. (*Palache* v. *Pacific Ins. Co.*, 42 Cal. 419; Endlich's Interpretation of Statutes, sec. 76.) The purpose of legislation on the subject before us was to prevent persons not properly qualified from practicing medicine in this state, and to prevent injury to helpless people under the protection of the county, through the incompetency of the physician in charge of the hospitals and jails. For that purpose, the board of examiners, composed of competent physicians, was provided for, and said board was required to make such an examination of applicants as would show their qualification to practice medicine and surgery. The tests of qualification to practice medicine in this state are of two kinds: 1. The diploma from a medical college or incorporated society; and 2. A satisfactory examination before the board. The evidence required in the first class of cases to entitle the applicant to practice is a diploma and certificate of the board; and in the second class, a certificate showing that the holder thereof has been duly examined and is entitled to practice. We do not think it was the intention of the legislature to provide that while those confined in the jails or hospitals might be treated by a physician holding a

diploma from some medical institute authorized by law to confer the degree of doctor of medicine, a physician who had passed a satisfactory examination before the board of examiners of the state medical society of this state should not be qualified or allowed by law to treat such patients. The words " suitable graduate 'in medicine," we think, as used in the act before us, means one legally licensed to practice medicine and surgery under the laws of this state. It cannot be said that the meaning of the words is clear, and in such cases the statute should be given such construction as will not deprive the person interested in its construction of a substantial right. (*People* v. *Hodgdon*, 55 Cal. 72; 36 Am. Rep. 30.)

Judgment affirmed.

THORNTON, J., WORKS, J., McFARLAND, J., BEATTY, C. J., and SHARPSTEIN, J., concurred.