[Civ. No. 1065. Second Appellate District.—March 2, 1912.]

## J. A. REED, Respondent, v. CHAUNCEY R. HAMMOND, as Auditor of the County of San Diego, etc., Appellant.

COUNTY OFFICERS—TENURE OF OFFICE AND QUALIFICATIONS—POWER OF LEGISLATURE.—The legislature, subject to the provisions of the constitution, may create county offices, prescribe the tenure thereof, and determine the qualifications required to render one eligible to election or appointment to such office. In addition to the usual county officers, the legislature has provided generally in section 55 of the County Government Act, as codified in section 4013 of the Political Code, that they include "such other officers as may be provided by law."

ID.—ASSISTANT PROBATION OFFICER UNDER JUVENILE COURT LAW A COUNTY OFFICER.—The office of an assistant probation officer, appointed by the superior court of the county, under the juvenile court law, is a county officer, whose tenure and salary is fixed by the law, and made chargeable upon and payable out of the county treasury, and whose qualifications and eligibility for appointment are determined by the general law of the state when not fixed by the constitution.

ID.—NONELIGIBILITY OF WOMEN FOR APPOINTMENT PRIOR TO AMENDMENT OF CONSTITUTION.—Prior to the amendment of the constitution bestowing the elective franchise upon women, a woman was not eligible to appointment as an assistant probation officer under the juvenile court law, since it has been the uniform policy of the general law, prior to that amendment, that no person is eligible to office who is not an elector, "except when otherwise specially provided," there being no provision in the juvenile court law providing for the appointment of a woman to the county office of assistant probation officer, it apparently being a matter of oversight, since women have, by special laws, been made eligible to certain other offices.

ID.—CONSTRUCTION OF LAW AS TO ELIGIBILITY TO COUNTY OFFICE— "TIME OF ELECTION"—APPOINTMENT INCLUDED.—The construction of the law regulating eligibility to a county office, that the officer "must, at the time of his election, be an elector of the county wherein the duties of his office are to be exercised," is to be construed as relating generally to the time of his legal choice to fill the county office, whether the statute provides for an election by the people or for a legal appointment thereto, and the same rule of eligibility applies in either case.

ID.—INELIGIBLE APPOINTMENT OF WOMAN—ERROR IN WRIT OF MAN-
DATE TO AUDITOR—REVERSAL—DESIRABILITY OF WOMAN ASSISTANT
—FUTURE INELIGIBILITY REMOVED.—Since the appointment of a
woman as assistant probation officer, in this case, was unauthorized
by law, notwithstanding the admitted desirability of the services
of a woman as assistant probation officer, and though the difficulty
in the statute is now removed by the constitutional amendment mak-
ing women eligible as electors, yet, as the superior court erred in
granting a peremptory writ of mandate to the auditor to pay an
unauthorized salary, its judgment must be reversed.

APPEAL from a judgment of the Superior Court of San
Diego County, and from an order denying a new trial.  W. A.
Sloane, Judge.

The facts are stated in the opinion of the court.

H. S. Utley, District Attorney, for Appellant.

Luce & Luce, for Respondent.

SHAW, J.—This is an appeal from an order of court pur-
suant to which a peremptory writ of mandate was issued com-
manding defendant, who was auditor of San Diego county, to
issue to Lillie A. Reed, the wife of petitioner, his warrant
upon the county treasurer in the sum of $120, claimed as
salary for the month of May, 1911, as assistant probation
officer of San Diego county, to which office, on May 1, 1911,
she had been appointed pursuant to the provisions of the
juvenile court act, approved April 5, 1911.

The sole question involved is whether, prior to the constitu-
tional amendment extending the elective franchise, women
were eligible to appointment to the office of such assistant pro-
bation officer.

It is unnecessary to cite authority in support of the propo-
sition that the legislature, subject to the provisions of the
constitution, may create county offices, prescribe the tenure
thereof, fix the salary and determine the qualifications re-
quired to render one eligible to election or appointment to
such office.  Section 55 of the County Government Act (Cal.
Gen. Laws [1909], p. 137), as codified in section 4013, Political
Code, provides that the officers of a county are the sheriff,
auditor, etc., "and such other officers as may be provided

by law.'' The office of assistant probation officer of San Diego county was one created by the legislature in and for all counties of the seventh class, to which San Diego belongs. The act specified the tenure of office, fixed the salary of the incumbent, and made it chargeable upon and payable out of the county treasury. Clearly, it was a county office; indeed, respondent, upon the authority of *Nicholl* v. *Koster*, 157 Cal. 416, [108 Pac. 302], concedes it so to be. Section 58, Political Code, as enacted in 1872, provided that ''every elector is eligible to the office for which he is an elector, except where otherwise specially provided; and no person is eligible who is not such an elector.'' In 1891 this section was amended by adding thereto the words, ''except when otherwise specially provided.'' It is apparent that this amendment was by the legislature deemed necessary in order to render effective an amendment, adopted at the same time, to section 792 of the Political Code, whereby women were made eligible to appointment as notaries public. (Stats. 1891, p. 29.) Section 54 of the County Government Act (Cal. Gen. Laws [1909], p. 137), as codified in section 4023 of the Political Code, so far as it concerns the question here involved, was enacted on the same day in 1872 as said section 58 of the Political Code. As originally enacted, it was as follows: ''No person is eligible to a county office who, at the time of his election, is not of the age of twenty-one years, a citizen of the state, and an elector of the county in which the duties of the office are to be exercised.'' While it has been amended from time to time, no change has been made in the requirement that in order to render one eligible to a county office, other than superintendent of schools, school trustee, or member of the board of education, to which a woman may be elected or appointed, he must, at the time of his election, be an elector of the county wherein the duties of the office are to be exercised. In 1907 it was repealed and re-enacted [Stats. 1907, p. 354] as a part of the County Government Act, consisting of two hundred and thirty-four sections.

Respondent contends that the provisions of this section have reference solely and alone to those officers selected by popular vote at an election in which the electors of the county give expression to their choice in filling the office, and not to the county officers selected and designated by appointment. The

case turns on the meaning to be given the words "at the time of his election," as used in the statute. An appointment is generally made by one person, or by a limited number constituting a board or tribunal acting under delegated power, while an election, in the popular sense, is a proceeding wherein all the electors at large participate in the designation of an official, and the one thus chosen to fill the office is said to be elected. In this sense, no incumbent of an office could be said to be elected to an office, in the absence of an election affording an opportunity to the electors to give such expression to their wishes in choosing the official. Hence, under this narrow construction, the fact that while one who was not an elector or citizen, or of the age of twenty-one years, would be ineligible to an office, if elected thereto, nevertheless, the want of any of such qualifications, since there was no "time of his election" to which the possession of the qualifications could relate, would constitute no obstacle to his appointment to fill a vacancy occurring therein. Clearly, it was not the intent of the legislature that such interpretation should be given the statute. Considering the scope of the entire legislative scheme embodied in the County Government Act, and the fact that it provides for the selection of officers both by election and appointment, it is clear to our mind that the purpose of the section before us was to prescribe the qualifications of all county officers, in the absence of the possession of which they are ineligible, and this whether designated at an election in the popular sense of the term, or designated by appointment. "In the construction of a statute, the intention of the legislature is to be ascertained, not so much from the phraseology in which the intent has been expressed, as the general tenor and scope of legislation on the subject." (*People* v. *Eichelroth,* 78 Cal. 141, [2 L. R. A. 770, 20 Pac. 364] ;. *Palache* v. *Pacific Ins. Co.,* 42 Cal. 419.) In our judgment, the words "at the time of his election," as used in the statute, have reference to the time of the selection or designation to the office, and the provision as to eligibility contained in section 4023, Political Code, applies alike to all county officers, whether designated at an election, commonly so termed, or by appointment.

The declared purpose of the juvenile court act is to give to dependent and delinquent children of both sexes care and

discipline approximating as nearly as possible that which should be given by parents. It is impossible to accomplish this purpose in full measure without the aid and assistance of women ready and willing to sacrifice their personal comfort and ease for the good and welfare not only of such dependent children, but for the good of society in general, of which they form an important part. The legislature having this in mind, it is undoubtedly true that its failure to remove the disability of women to fill this important office, in the performance of the duties of which she is peculiarly fitted, was due solely to an oversight. Fortunately, the disability due to the omission on the part of the legislature has been removed by the constitutional amendment extending the franchise, since the adoption of which the ground here urged for denying petitioner compensation for services rendered can no longer furnish a subject for the zeal of those whose duty it is to protect the county treasury from the payment of moneys to persons who under the law are not entitled thereto, and this whether they be alleged officials or extra deputies allowed to county officers.

With great reluctance we are forced to the conclusion that the judgment and order from which this appeal is prosecuted should be reversed, and it is so ordered.

Allen, P. J., and James, J., concurred.