## C. E. HASTING, Appellant, v. JASPER COUNTY.

### Division One, April 12, 1926.

1. **PROBATION OFFICER: Public and County Officer.** A county officer is one whose territorial jurisdiction is coextensive with the county. A public office is the right, authority and duty, created and conferred by law, by which, for a given period, either fixed by law or enduring at the pleasure of the creating power, an individual is invested with some portion of the sovereign function of government, to be exercised by him for the benefit of the public; and a public officer is one who receives his authority from the law and discharges some of the functions of government. A probation officer, appointed by the judge of the circuit court sitting as a juvenile court in pursuance to the provisions of the Act of 1921, Laws 1921, p. 255, and Article 6 of Chapter 21, Revised Statutes 1919, is both a public officer and a county officer. He is not a state officer within the meaning of the Constitution.

2. ———: **Salary.** The salary of the probation officer of Jasper County, fixed at one hundred dollars per month, by the judge of the circuit court, sitting as a juvenile court, who appoints him, cannot, under the statutes (Laws 1921, p. 255; Sec. 11016, R. S. 1919), be reduced by the county court to eighty-three dollars per month, or one thousand dollars per year; but his salary having been fixed at one hundred dollars per month, and his account for one month having been approved for that sum, by said circuit court, he is entitled to be paid out of the county funds, one hundred dollars.

---

Corpus Juris-Cyc. References: Counties, 15 C. J., Section 139, p. 481, n. 83. Infants, 31 C. J., Section 23, p. 100, n. 90; 91, 13.

Appeal from Jasper Circuit Court.—*Hon. S. W. Bates,* Judge.

REVERSED AND REMANDED (*with directions*).

*C. E. Hasting* for appellant.

(1)   The population of any county for the purpose of paying the salary of any county officer is determined by multiplying the highest number of votes cast at the last previous general election by five.   Sec. 11016, R. S. 1919; State ex rel. v. Barby, 272 S. W. 921.   (2)   Probation officers are county officers.   Reed v. Hammond, 123 Pac. 346; Nicholl v. Koster, 108 Pac. 302; State ex rel. v. Imel, 242 Mo. 293; State ex rel. Holmes v. Dillion, 90 Mo. 229; Laws 1921, p. 255.

*Roy Coyne* and *Frank L. Forlow* for respondent.

(1)   Under Article VI, Revised Statutes 1919, commencing with Section 2591, is found the law at that time concerning Juvenile Courts in counties having 50,000 inhabitants and over.   And in Section 2601, of this article, is the section concerning salaries of probation officers. And this was the salary law concerning such juvenile officers until the enactment of the Act of 1921, Laws 1921, page 255, repealing Section 2601 in lieu thereof, and that this section as amended has been the law in this State since April 1, 1921, and was at all times staied in this cause. (2) Jasper County was a county with over 50,000 inhabitants, and less than 90,000, and under said law as amended came within the provision fixing the maximum salary in such counties at $1,000 per annum, the amount paid by the county court to plaintiff.   The Federal census for 1920, gives the population of Jasper County at 75,941, and oral evidence was offered on the trial to show that the population had decreased very much from the time this census was taken until the time of the trial of this cause.   The plaintiff claims that, by figuring out some

314 Mo.—10.

vote and multiplying it by five, he arrives at the population of the county for fixing his salary, but does not claim that the county has the required population. In order to entitle the plaintiff to what he claims or any part thereof, there would have to be over 90,000 population in the county, and reading this salary law, there is no way under the evidence, in this cause, to so read this law, as to give or entitle the plaintiff to more than $1000 per annum. (3) Under the Juvenile Court Law, above cited, the appointment of officers and deputies, by the judge, shall be at the pleasure of the judge making the appointment. For more than twenty years, we have had in this State what is now Section 11016, Revised Statutes 1919, which provides "that in fixing the salary of county officers, and in determining the population of any county as a basis for the amount of fees he may retain the highest number of votes cast at the last previous election for any office shall be multiplied by five." This section is found in the Chapter 100, under heading of salaries and fees of state and other officers, and applies to county officers elected for stated terms, and is used in fixing salaries, and as a basis for adjusting fees of such elective offices; while the probation officer is appointed at the pleasure of the judge, at a fixed salary. We have many salaries paid by the county courts to persons who are not county officers. The probation officer of Jasper County is not a county officer under the law creating juvenile courts. There is no plan stated in the law creating the juvenile courts, and providing for the appointment of probation officers, for determining the population of the various counties by the judge in fixing the salary, and it only fixes the maximum salary. The judge who fixed appellant's salary in this case knew at the time that Jasper County had a population of less than 90,000 inhabitants, and that the maximum salary could not be over $1,000 per annum. In the case of some of the county officers the law itself fixes the manner of determining the population. It would be a very safe way for the judge appointing probation officers to take the

last Federal census as the guide, and not exceed that, especially where no provision of the law points out a way to determine the population. Before the judge could have fixed the appellant's salary at $1200 he had to find that the population of the county then was 90,000 and less than 110,000.

OTTO, J.—This is an appeal from a judgment for Jasper County, in an action appellant brought for a balance of salary he alleges is due him as probation officer of Jasper County, Missouri.

There is no dispute about the facts. On the 23rd day of November, 1922, the appellant was appointed probation officer of Jasper County by the judge of the circuit court sitting as a juvenile court of that county, and his salary fixed at $100 per month. In January, 1923, the County Court of Jasper County refused to pay the appellant the sum of $100 per month as ordered by the said court, but paid appellant the sum of $83 per month. Appellant did not accept the salary as fixed by the county court, and instituted this suit to collect the difference between his salary as allowed and fixed by the juvenile court and the amount fixed by the county court. The amount thereof is $66.68.

The briefs present the single question, whether or not Section 11016, Revised Statutes 1919, controls for the purpose of determining the population of Jasper County as a basis for ascertaining the salary of appellant.

The law fixing the salaries of probation officers is the Act of 1921 (Laws 1921, p. 255):

"Sec. 2601. *Salaries of probation officers.* The probation officer shall receive such salary as the circuit court, or the criminal court when constituted as a juvenile court under this act, may prescribe, not exceeding $3,000 per annum in counties of $500,000 inhabitants and over; and not exceeding $2,000 in counties of $110,000 and less than 500,000 inhabitants; and not exceeding $1500 per annum in counties of 90,000 and less than 110,000 inhabitants; and not exceeding $1000 in counties

of 50,000 and less than 90,000 inhabitants. . . . The salaries of the probation officer and his deputies shall be paid monthly out of the funds of the county. Actual disbursements for necessary expense, exclusive of, office expenses, made by probation officers while in the performance of their duties, shall be reimbursed to them out of the county funds after approval by the judge of the juvenile court; but no officer shall be allowed for such disbursements a greater sum than $200 in any one year.''

This law classifies probation officers according to the population of their respective counties and fixes the maximum amount that might be paid. It will be observed that the act does not provide a method by which the population of the respective counties might be ascertained, nor does it provide that the Federal census be used. It is urged by plaintiff that Section 11016, Revised Statutes 1919, is applicable for the purpose of determining the population of the respective counties in this State and classifying the probation officers. Section 11016, Revised Statutes 1919, provides:

"*Salaries of county officers—population, how determined.*—For the purpose of determining the population of any county in this State, as a basis for ascertaining the salary of any county officer for any year, or the amount of fees he may retain, or the amount he shall be allowed to pay for deputies or assistants, the highest number of votes cast at the last previous general election, whether heretofore or hereafter held in such county, for any office, shall be multiplied by five, and the result shall be considered and held for the purpose aforesaid as the true population of such county.''

We have held that the words "county officers" in their most general sense apply to officers whose territorial jurisdiction is co-extensive with the county for which they are elected or appointed. [State ex rel. Buchanan County v. Imel, 242 Mo. 293, l. c. 300.]

In 15 Corpus Juris, page 481, the following language is used: "Where the duties of an office created by law are to be wholly performed within the limits of a county

and for the people of that county, the salary to be paid by the disbursing officer of the county from the funds of the county, the office is a county office, and the person lawfully filling such office is necessarily a county officer."

The act, Chapter 21, Article VI, Revised Statutes 1919, providing for probation officers, provides for the care, custody and maintenance of the dependent and delinquent children, defines such children, gives to the circuit court of the counties, when sitting as a juvenile court, jurisdiction to determine whether or not a child is delinquent or dependent and to commit such children to a detention home or to the custody of some reputable person, and establishes the office of probation officer in every county whose duty it is to take charge of children found to be delinquent in the county for which he acts, make such investigations of children reported to be delinquent in such court, to be present in the juvenile court to represent the interest of any child when charges are preferred against such child, to furnish such information and be of such assistance to the juvenile court as the court might require and to file informations in said court. He is "vested with all the power and authority of sheriffs to make arrests and perform other duties incident to their offices." His duties are wholly performed within the limits of the county, his jurisdiction is coextensive with the county for which he is appointed, he is appointed by the circuit court of the county sitting as a juvenile court and receives his salary monthly out of the funds of the county for which he is appointed.

It is urged that appellant is not a public officer. With this contention we cannot agree. A public office is defined to be "the right, authority and duty, created and conferred by law, by which, for a given period, either fixed by law or enduring at the pleasure of the creating power, an individual is invested with some portion of the sovereign functions of the government, to be exercised by him for the benefit of the public." [Mechem, Public Officers, 1; State ex rel. Walker v. Bus, 135 Mo. 325.] The individual who is invested with the authority

and is required to perform the duties is a public officer. The authorities all agree, substantially, that if an officer receives his authority from the law and discharges some of the functions of government, he will be a public officer. [State ex rel. Hamilton v. Kansas City, 303 Mo. 50, l. c. 67; Gracey v. St. Louis, 213 Mo. 384, l. c. 394; State ex rel. Walker v. Bus, 135 Mo. 325, l. c. 331.]

Probation officers are appointed by the circuit judge sitting as a juvenile court by reason of authority vested in such officer by statute, not for a specified term of years, but until and subject to removal in a lawful manner. After appointment and qualification certain duties and powers are conferred by statute as have heretofore been stated. [Chap. 21, Art. VI, R. S. 1919.]

The right, authority and duty are created by statute; he is invested with some portion of the sovereign functions of the government to be exercised for the benefit of the public and is consequently a public officer within the definition given by this court.

Nor can it be said that probation officers are state officers. We have held that the words "state officers" as used in the Constitution refer to such officers whose official duties and functions are co-extensive with the government of the State. Following this rule we have held that a sheriff, deputy sheriff and a clerk of a circuit court are not state officers for the reason that their jurisdiction is confined to a county. [State ex rel. Walker v. Bus, 135 Mo. 325.; State ex rel. Holmes v. Dillon, 90 Mo. 229; State ex rel. Bender v. Spencer, 91 Mo. 206; State ex rel. Conway v. Hiller, 266 Mo. 242, l. c. 262.]

Our conclusion, from the foregoing, is that probation officers are public officers whose duties are created by law, are to be wholly performed within the limits of a county and for the benefit of the people of that county and whose salaries are paid by the county courts from the funds of such counties, and appellant is therefore a county officer (Reed v. Hammond, 123 Pac. 346; Nicholl v. Koster, 108 Pac. 302) as these words are used in Section

11016, Revised Statutes 1919, and is correct in his contention that his salary is $100 per month.

It is ordered that the judgment be reversed with directions to the trial court to enter up judgment as prayed for in appellant's petition.   All concur.