Honorable Harry Wiggins State Senator, 10th District Room 321, Capitol Building Jefferson City, Missouri 65101
Dear Senator Wiggins:
This letter is in response to your request for an opinion asking as follows:
 "Article VI, Section 18(e) of the Constitution of the State of Missouri (1945), relates to laws affecting charter counties. In the fourth line of the paragraph the language addresses `the salaries of judicial officers.' My question is whether a jury commissioner is included as a `judicial officer'?"
Section 18(e) provides:
 "Laws shall be enacted providing for free and open elections in such counties [charter counties], and laws may be enacted providing the number and salaries of the judicial officers therein as provided by this constitution and by law, but no law shall provide for any other office or employee of the county or fix the salary of any of its officers or employees."
It has been said broadly with respect to the term "judicial officer", that to be a judicial officer one must be in some way connected to the judicial department. State ex rel. Heimburgerv. Wells, 109 S.W. 758 (Mo. 1908). However, the Missouri Supreme Court in State v. St. Louis County, 421 S.W.2d 249 (Mo.Banc 1967), stated at l.c. 255:
 ". . . However, we think the personnel provided for the assistance of the juvenile court are not judicial officers within the meaning of Art. VI, § 18(e), but are employees of the county. Hasting v. Jasper County, 314 Mo. 144, 282 S.W. 700. . . ."
In our view the St. Louis County case, above quoted, is controlling and as a consequence a jury commissioner should not be considered to be a "judicial officer" as the term is used in such section.
Very truly yours,
 JOHN ASHCROFT Attorney General