Dear Senator Merrell:
This opinion letter is in response to your questions concerning Conference Committee Substitute for House Committee Substitute for Senate Substitute for Senate Committee Substitute for Senate Bills Nos. 65, 133, 178, 216 231, 84th General Assembly, First Regular Session. The questions you posed are as follows:
 Assuming that the salary commission does set salaries in such a way that the percentage would result in collectors receiving a reduction in present compensation, does Section 7.9 of the bill pertain to county collectors as well as all other county officers? Secondly, if the compensation as set forth in Senate Bill No. 65, et al, results in a reduction of compensation for county collectors, would other provisions of state law dictate that such compensation cannot be decreased during the county officers current term?
Section 7.6 of this bill provides:
 At its meeting in 1987, the salary commission shall determine the compensation to be paid to every county officer holding office on January 1, 1988. At any meeting in following years, the salary commission shall determine the compensation to be paid to every county officer until the next meeting of the salary commission.
Section 7.9 provides:
 The provisions of this section shall not require or permit a reduction in the amount of compensation received by any person holding office as of the effective date of this section.
Section 7.9 of the bill does pertain to county collectors as well as other county officers. The "section" referred to in Section 7.9 is Section 7 which has been codified as Section50.333, RSMo. Subsection 6 of Section 7, as set forth above, authorizes the salary commission to determine compensation to "every county officer." The term "county officer" has been defined to apply to officers whose "territorial jurisdiction is coextensive with the county for which they are elected or appointed." Hasting v. Jasper County, 314 Mo. 144,282 S.W. 700, 701 (Mo. 1926). County collectors meet this definition. Furthermore, Section 67.130, RSMo 1986, lists county collectors as one of a number of enumerated officers specifically designated as county officers. As such, the salary commission's authority for determining compensation for every "county officer" would include that of county collectors.
The salary commission's authority is, however, limited by subsection 9 of Section 7 which prevents the reduction of compensation "received by any person holding office as of the effective date of this section" which includes county collectors.
In addition to the above-cited subsection 9 of Section 7 which specifically prohibits the reduction of compensation for county officers, there is case law that indicates such compensation may not be reduced. In State ex rel. Emmons v.Farmer, 271 Mo. 306, 196 S.W. 1106, 1109 (banc 1917), the Missouri Supreme Court interpreted Article XIV, Section 8 of the then existing Missouri Constitution to forbid both "an increase or decrease of compensation during a term of office" for county officers. See also Thornsberry v. City of Campbell,274 S.W. 847, 848 (Mo.App. 1925). This constitutional provision is now Article VII, Section 13 of the Missouri Constitution and states as follows:
 The compensation of state, county and municipal officers shall not be increased during the term of office; nor shall the term of any officer be extended.
The validity of the courts' statements in the above-cited cases that this constitutional provision prohibits both an increase or decrease of compensation is, however, open to question since the Constitution itself refers only to increasing compensation. In addition, the St. Louis Court of Appeals in Lycett v. Wolff,45 Mo.App. 489, 496 (St. L. 1891), stated that by reason of this constitutional section salaries "could not, probably, beincreased during the plaintiff's term of office, but we do not see why a falling off in the population of the county, if the census subsequently taken so showed, might not, under the law of 1874, work a decrease." (Emphasis in original.) Having concluded that subsection 9 of Section 7 prevents a reduction in compensation for county collectors, it is not necessary to resolve whether there is a constitutional prohibition on such reduction.
A related question is the time period during which the amount of a county officer's compensation may not be reduced. The constitutional provision refers to "term of office" of county officers. The phrase "term of office" has been interpreted to mean the statutory length of time for the term of the particular office, whether the actual holder of that office changes during the term or not. State ex rel. Emmons v.Farmer, supra. Section 7.9 of the instant bill, however, refers not to compensation received during a term of office but compensation received "by any person holding office as of the effective date of this section." An individual may, of course, hold office longer than a single term. It would initially appear that an individual's salary as a county officer may not be decreased so long as that individual holds that office, regardless of how long or how many terms that individual remains in office after the effective date of Section 7.9.
Given this interpretation, compensation would then relate to a particular individual rather than the office or term of office. As such, a collector presently being paid more than the maximum amount authorized in this bill would continue to be paid that amount for each successive term of office, while a collector with similar responsibilities in a county of approximately the same assessed valuation who is elected to that office subsequent to the effective date of this bill would be paid a salary no higher than that set pursuant to the bill. It seems unlikely that the legislature would design a system whereby similarly-situated officers would be receiving significantly different compensation for the same or similar employment and that such disparity of compensation would continue indefinitely until such time as those individuals holding office at the effective date of this legislation would leave office.
In addition, it seems illogical that the legislature would provide the compensation of county collectors to be as set forth in Section 52.269 as enacted by the bill, designate that compensation as appropriate for that particular office, and then allow an individual to receive compensation greater than, and perhaps significantly greater than, that amount for an indefinite period of time.
Legislation is not to be interpreted so as to reach an absurd or unreasonable result. Brown Group, Inc. v. AdministrativeHearing Commission, 649 S.W.2d 874 (Mo. banc 1983); Stateex rel. McNary v. Hais, 670 S.W.2d 494 (Mo. banc 1984). Legislation should be construed so as to give effect to the apparent intent of the legislature. State ex rel. Missouri State Boardof Registration for Healing Arts v. Southworth, 704 S.W.2d 219
(Mo. banc 1986).
The apparent and reasonable intent of the legislature is that county collectors be compensated in accordance with the standards set forth in Section 52.269, but that individuals presently holding the position of county collector, who accepted that position with the expectation that the then existing compensation would continue during their term, not be penalized by having the compensation reduced through unanticipated legislative changes. In order to effectuate this intent, the prohibition against reducing compensation for county officers should prevent a decrease in compensation during the existing term of the county collector. This interpretation is in keeping with the policy forth in Article VII, Section 13, Missouri Constitution, as set forth above, which limits changes to compensation to a particular term of office rather than the total length of time that a particular individual may hold a given office.
The final issue concerns the computation of the amount of compensation to which the county collector is entitled if subsection 9 of Section 7 applies. Some county collectors are compensated on a commission basis. See Sections 52.250,52.260, 52.270, and 52.290, RSMo 1986. In order for "the provisions of this section" to not require a reduction in the amount of compensation of the county collector, the amount of compensation the county collector would have received under the law as it existed before the enactment of the bill will need to be calculated. If the bill would require compensation of a lesser amount, then the county collector is entitled to the compensation he would have received under the law as it existed before the enactment of the bill.
It is the opinion of this office that the compensation received by a county collector may not be decreased by virtue of the enactment of this bill during the present term of office of the county collector. At the expiration of this term of office, the provisions of Section 52.269 set a compensation limit for the county collector.
Very truly yours,
 WILLIAM L. WEBSTER Attorney General