HENRY HORSTMAN, Appellant, v. JOHN E. ADAMSON, Respondent.

St. Louis Court of Appeals, April 28, 1903.

1. **Office, Appointment to:** CONTRACT BETWEEN COUNTY CLERK AND DEPUTY: PUBLIC POLICY: STATUTORY CONSTRUCTION. Revised Statutes 1899, section 527, providing for the appointment of deputies by clerks of county courts, fails to define the period for which the deputyship shall continue. *Held*, that a contract between a clerk of a county court and a deputy appointed by him, by the terms of which the latter was to continue as deputy at a stipulated salary for the whole period that the county clerk should remain in office under his commission, was void as against public policy, and no action would lie for a breach of such contract by the removal of the deputy prior to the expiration of the full term.

2. ——: ——: RIGHT OF REMOVAL INCIDENT OF THE APPOINTING POWER, WHEN. Where the law conferring the authority under which a clerk of the county court appointed a deputy is silent as to any limitation of the right of removal, and the official term is unlimited, the absolute power of removal is an incident to the power of appointment, to be invoked and applied at pleasure, without notice, and without legal liability for the results.

3. ——: ——: COUNTY CLERK: DEPUTY: REMOVAL. The removal of the deputy by the clerk was an official act clearly within the limits of his authority, and the reasons for his action, however malicious, were immaterial.

Appeal from Lawrence Circuit Court.—*Hon. Henry C. Pepper,* Judge.

AFFIRMED.

*Fielding P. Sizer* for appellant.

(1) Respondent, as a ground of demurrer, claims immunity from liability for his acts complained of in the petition, for the reason that they were acts entrusted to his "judgment and discretion" as county clerk in the administration thereof. State ex rel. v. Lafayette County Court, 41 Mo. 221. (2) In Norris v. Clinkscales, 47 S. Car. 488, it is said that the term "discretion" implies the absence of a hard and fast rule, and yet "discretion" should not be a word for arbitrary will or unstable caprice. In People v. Superior Ct., 10 Wend. (N. Y.) 291, it is said: "When anything is left to any person to be done according to his discretion, the law intends it must be done with sound discretion and according to law." (3) Lord MANSFIELD in Rex v. Wilks, 4 Burr. 2539, says that discretion is to be governed by rule and not by humor; it must not be arbitrary, vague, and fanciful, but legal and regular. An officer in whose discretion a power may be exercised, must exercise it reasonably and not wantonly or arbitrarily to the injury of any person. Eureka v. Wilson, 48 Pac. 41. (4) Respondent might be heard to

claim immunity from his malicious and corrupt acts had he been a judge and acting at the time in his judicial capacity as such, had he taken advantage of the rule by answer, not demurrer, setting up his official prerogative. But even then, cases would not be wanting that would hold him liable as a judge when malice and corruption is alleged. Gault v. Wallis, 53 Ga. 675; Morgan v. Dudley, 18 B. Mon. (Ky.) 711; Pike v. Megown, 44 Mo. 491; Albers v. Mer. Ex. of St. L., 138 Mo. 164.

*Henry Brumback* for respondent.

(1) The county clerk has the inherent right, from the nature of his official position, to remove his deputy at any time and can not abridge this right by contract. Outen v. Rhodes, 3 A. K. Marsh (Ky.) 432; Hoge v. Trigg, 4 Munford (Va.) 150; Murfree on Sheriffs, secs. 17, 19, 85; 5 Am. and Eng. Ency. (1 Ed.), 626, 637. (2) The power to appoint to office implies the power to remove. Where the law is silent as to the method of removal, it is left to the discretion of the appointing and removing power. State ex rel. v. City of St. Louis, 90 Mo. 22; State ex rel. v. Brown, 57 Mo. App. 204; Westburg v. City of Kansas City, 64 Mo. 502; State ex rel. v. Ault, 26 Mo. App. 676; Ex parte Hennen, 13 Peters 259; Blake v. Crenshaw, 103 U. S. 231; Parsons v. United States, 167 U. S. 324. (3) "A malicious motive will not make that wrong, which in its own essence is lawful." Guether v. Altman, 60 N. E. 356, and cases cited; Frazier v. Brown, 12 O. S. 311; Land and Gravel Co. v. Commission Co., 138 Mo. 445; Anderson v. Public Schools, 122 Mo. 67. (4) The alleged contract that plaintiff's deputation should endure the full term of his principal, is in contravention of the criminal statutes against sale of a deputation of office and illegal. R. S. 1899, sec. 2095, p. 595. (5) The alleged contract is contrary to public policy, being subversive of efficient administration of government.

REYBURN, J.—Plaintiff has appealed to this court from a judgment of the circuit court of Lawrence county, which rendered a judgment for defendant on a demurrer to plaintiff's petition. Plaintiff's complaint alleged that defendant was duly elected and qualified as clerk of the county court of Lawrence county, took possession of said office on January 2, 1899, and now is in charge thereof; that on the said 2nd day of January defendant appointed plaintiff a deputy clerk of such county court; that plaintiff was an adult citizen of the United States and had resided in the county of Lawrence for more than one year prior, and then resided therein; that plaintiff took the oath of office, and entered into the performance of the duties of such deputy, and the county court duly approved his appointment; that plaintiff agreed with defendant to faithfully perform the duties of deputy clerk as required by law, and designated by defendant, and that it was understood between the parties that plaintiff was to perform such duties and hold the office as one of the deputy county clerks for the term of four years, and in consideration defendant agreed to pay plaintiff the sum of six hundred dollars per year for such term, in monthly installments of fifty dollars each, and that plaintiff had been ready and willing, and had offered to defendant to perform the duties of such office in compliance with the above contract. That defendant paid plaintiff the salary promised until April, 1900, when the defendant, knowing the premises, but contriving with malicious intention to injure and harass plaintiff, reduced the wages of plaintiff from fifty dollars a month, as agreed upon, to thirty-five dollars, assigning as a reason that the defendant had made a hard and expensive campaign, and would have to reduce plaintiff's wages in order to get out of debt, all of which was done against the objection of plaintiff, and with the malicious and willful intent to gain an unfair advantage over plaintiff; that on the 13th day of July, 1900, defendant, con-

triving with malicious intention to injure and harass plaintiff and deprive him of all benefit and advantage under his contract and subject him to heavy loss and damage, willfully, maliciously, without any warrant of law, and without any just and reasonable cause, discharged plaintiff from performing his duties as deputy clerk of such county court, in violation of the true intent and meaning of the above contract; that by reason of his discharge, plaintiff was left without employment for eight months, during which time plaintiff tried to secure employment elsewhere and thereby plaintiff sustained damage in the sum of four hundred and forty-five dollars, being amount of salary agreed on at the rate of fifty dollars per month for eight months from July 13, 1900, and for three months arrearage of fifteen dollars each. That because of the willful, malicious and oppressive action of defendant in so discharging plaintiff, plaintiff is entitled to punitive damages in the sum of one thousand dollars. The copy of the appointment accompanying the petition is as follows:

"Know all men by these presents, that I, John E. Adamson, clerk of the county court, do hereby appoint and commission Henry Horstman my true and lawful deputy, and do hereby authorize and empower him, the said Henry Horstman, to perform all acts and duties that I am or may be authorized by law to do or perform."

To plaintiff's petition defendant interposed a demurrer, assigning as grounds that it did not state facts sufficient to constitute a cause of action, that it appeared on the face of the petition that the acts complained of were alleged to have been done by defendant in his official capacity, and were of such a nature as were entrusted to the judgment and discretion of the official in the administration of his office, and that the plaintiff's alleged cause of action was based upon an alleged contract, which in effect would be a sale and purchase

of a deputation of a public office in contravention of the statutes, and contrary to public policy.

The question thus presented, is whether a contract is valid, and for breach of which the law will afford redress in damages, entered into between a clerk of a county court and a deputy appointed by him by the terms of which the latter was to continue as deputy at a stipulated salary for the whole period that the county clerk should remain in office under his commission, especially when the breach of such contract by the removal of the deputy prior to the expiration of the full term was without cause and impelled by willful and malicious motives. Any such contract was in the judgment of the writer, illegal, void and incapable of enforcement as opposed to public policy for several reasons. The appointment of plaintiff as such deputy by defendant as county clerk of Lawrence county was made under the provisions of the law, by which every clerk is authorized to appoint one or more deputies who are required to be at least seventeen years of age, and possess all other qualifications of their principals; the appointments are required to be approved by the court of which the clerk is an official, and the deputies when so appointed and qualified by taking the same oath as the clerk, are authorized in his name to perform his duties, and the clerk is made accountable on his official bond for the action of his deputies. R. S. 1899, sec. 527. The statute and the appointment of plaintiff in conformity to it, alike fail to define the period for which the deputyship shall continue. The rule is well established that an appointment to office for a definite term confers upon the incumbent the right to serve out the full official period, unless forfeited by misconduct, for the permanence of the official tenure negatives the authority of the appointing power of removal at will. But where the law conferring the authority, under which the appointment is made, is silent as to any limitation of the right of removal, and the official term is unlim-

ited, the absolute power of removal is an incident to the power of appointment to be invoked and applied at pleasure, without notice, and without legal liability for the results. These principals have been frequently recognized in numerous decisions, alike by the Federal courts as well as by the courts of many States, including our own. State ex rel. v. City of St. Louis, 90 Mo. 22; State ex rel. v. Police Commissioners, 14 Mo. App. 297; State ex rel. v. Brown, 57 Mo. App. 204; State ex rel. v. Davis, 44 Mo. 131; Keim v. U. S., 177 U. S. 290; Parsons v. U. S., 167 U. S. 331; Spalding v. Vilas, 161 U. S. 483; Westburg v. City of Kansas City, 64 Mo. 502; State ex rel. v. Ault, 26 Mo. App. 676; Ex parte Hennen, 13 Peters 259; Blake v. Crenshaw, 103 U. S. 231; State ex rel. v. Hawkins, 44 O. S. 98. The position of respondent as county clerk was a public office of which the duties are ministerial. State ex rel. v. Hostetter, 137 Mo. 636; Nash v. Craig, 134 Mo. 347. But the law of this State, under the section above quoted, rendered respondent and his sureties as well responsible for the acts of appellant, and in the appointment of appellant respondent was required to exercise a degree of judgment as to the qualifications of the appointee for the delegation of his own authority, and the discharge of the official duties. Subject to the supervisory control conferred by the law on the court, the discretionary right of appointment by the statute is unrestricted, and the like boundless authority of terminating the appointment by discharge must necessarily exist in the appointing official. What cause in the judgment of the principal warranted the termination of the employment, was to be determined solely by him, likewise involved a measure of judgment, and could not be made the subject of judicial inquiry. This right of control over the period of deputyship, the public interests and the proper administration of the office alike prohibited the official from restricting, by any action or consideration on his own part. The removal of the

plaintiff by the defendant was an official act clearly within the limits of his authority as such officer, and the reasons for his action, however malicious, were immaterial. The condition of mind in which an official performs a valid act can not be taken into consideration, for a spirit of malice in the discharge of official duty can not render a lawful act unlawful or actionable. Gravel Co. v. Commission Co., 138 Mo. 445; Anderson v. Public Schools, 122 Mo. 67; Spalding v. Vilas, 161 U. S. 483; Keim v. U. S., 117 U. S. 290; Weaver v. Derendorf, 3 Denio 120. Judgment affirmed. *Bland, P. J.,* and *Goode, J.,* concur in the result, but not in the reasoning of this opinion, holding that it does not appear that plaintiff was appointed deputy for a certain time.