THE STATE ex rel. W. B. FLOWERS v. MORE-HEAD et al., Judges of County Court of Linn County.

**In Banc, April 2, 1914.**

1. **COUNTY HIGHWAY BOARD: Three Appointed Members and Engineer Ex Officio.** Under Sec. 1, Laws 1913, p. 665, the county highway board consists of three members appointed by the county court, and the highway engineer, if one has been or is thereafter appointed, becomes by virtue of his office a member of the board. So that where the county court had previously appointed a highway engineer for a term of one year, it was thereafter within the year authorized to appoint three other members of the county highway board, of which the engineer by virtue of the statute became an *ex officio* member.

2. **PUBLIC OFFICER: Member of County Highway Board.** A public office is a special trust or charge created by law. One clothed with the powers, exercising the functions and receiving the emoluments of a public office, is a public officer. Since the act creating the county highway board states the term of a member thereof and definitely defines its duties, one who has been appointed a member of the board, upon qualifying, becomes a public officer.

3. ———: ———: **How Determined: No Fees, etc.** In determining whether a certain position is a public office, the functions that the appointee is required to perform are determinative; and the fact that no fees or salary is annexed thereto, and that it is only honorary and exists only for the public good, is not material.

4. ———: ———: **Removal.** The county court cannot remove a member of the county highway board on the mistaken ground that it was authorized by law to appoint only two members instead of three. There being no particular statute providing

for the removal of members of the board, they can be removed only for the reasons for which the statutes (Secs. 10204 et seq, R. S. 1909) authorize the removal of county, town or township officers, to which statutory classes they may be considered as belonging, namely, for dereliction of or wilful refusal to perform official duty, upon proceedings begun and tried in the circuit court, after notice given and an opportunity to be heard in their own behalf.

5. ———: ———: ———: **Certiorari: Right to Writ.** An attempted removal of a member of the county highway board by the county court is an act judicial in its nature, and no right of appeal or writ of error or other remedy is provided by law for reviewing its action, nor do the statutes or Constitution invest the county court with power to remove a public officer. Therefore, both because a member of the county highway board who has been removed by the county court has no remedy by appeal, etc., and because the court has no jurisdiction in such matters, the writ of *certiorari* is appropriate for the determination of the legality of the court's action.

### *Certiorari.*

RECORD QUASHED.

### *C. C. Bigger* and *O. F. Libby* for relator.

(1) The county court acted within the scope of its authority when it appointed Trumbo, Dick and Flowers the county highway board April 23, 1913, and thereafter such persons constituted said board and could not be removed from their office and appointment so made and entered of record by an order of the county court made at its subsequent May adjourned term on June 2, 1913, as the authority of the court to alter, change or set aside its orders made at its February term of the county court ceased when the term ended. Ashby v. Glasgow, 7 Mo. 320; Saxton v. Surth, 50 Mo. 490; Hill v. St. Louis, 20 Mo. 584; Freeman on Judgments, sec. 96; Mason v. Warner, 22 Mo. App. 577. (2) Section 1 of the act of the Legislature, creating county highway boards, in plain and unambiguous language, states that said boards shall consist of three

members, who shall be appointed by the county court. The proviso contained in said section adds to said board of three the county highway engineer. There is nothing in the language contained in this section to indicate that the Legislature meant to say that the county court should appoint two members of the highway board, in counties that have a highway engineer. Many of the counties of the State have no highway engineer, but may have at any time hereafter. If the county court of those counties appoint a highway board consisting of three members, as the law says they shall do, and thereafter a highway engineer be appointed for such counties, he at once becomes ex-officio a member of the board. Then by what process could the board be reduced to three members? The better construction would be that the Legislature meant that the county court should appoint three members of the county highway board, and that these three, who hold their offices for two years, together with the highway engineer, who is appointed for only one year in all counties which have or may hereafter have that official, shall constitute such board. This construction will give full force and effect to all the provisions of the law, and avoid all doubt and confusion. The rules of construction of a statute are well settled that the courts will adopt that construction which will give force and effect to all the words of a statute and avoid that construction which will result in confusion and absurd and perplexing situations. Bank v. Ripley, 161 Mo. 126; Sutherland on Statutory Construction, sec. 323; State ex rel. v. Garrett, 76 Mo. App. 295; McFarland v. Railroad, 94 Mo. App. 336; State ex rel. v. Wilder, 206 Mo. 541; 36 Cyc. 1114.

*A. W. Mullins* for respondents.

The first section of the act approved April 17, 1913, referred to in the statement, provides that: a

county highway board in each and every county in this State consisting of three members is created. The members of said highway board to be appointed by the county court, with a proviso, that in counties that have or hereafter shall have a county highway engineer, he shall *ex-officio* be a member of said board. As the county highway board shall consist of three members, only, and as Black, the county highway engineer, by virtue of his office, as such, is a member of the high-way board, therefore the county court was without authority to appoint three members of the highway board, but was limited to the appointment of two members thereof, who, acting with the county highway engineer, would constitute the county highway board. County courts are creatures of the statutes and whatever authority they exercise must be expressly given them by the statute. The county court having exceeded its au thority in appointing three members of the county highway board instead of two only, its order made April 23, 1913, appointing three members was unauthorized, illegal and void. And the formal order of the court made June 2, 1913, rescinding such illegal and unauthorized order, was proper. The county highway board as now appointed and organized is legal and proper and the said Flowers is not a member thereof. Saline County v. Wilson, 61 Mo. 237; Jefferson County v. Cowan, 54 Mo. 234; Butler v. Sullivan County, 105 Mo. 630; Sturgeon v. Hampton, 88 Mo. 203; Land Co. v. Quinn, 172 Mo. 563.

*John T. Barker,* Attorney-General, and *W. T. Rutherford,* Assistant Attorney-General, *amici curiae.*

WALKER, J.—*Certiorari* to require respondents, the judges and the clerk of the county court of Linn county, to certify to the Supreme Court the record of the proceedings of said county court in the appointment and removal of relator as a member of the highway board of said county.

Under the authority of an act of the General Assembly approved April 17, 1913 (Laws 1913, p. 665), the county court of Linn county at an adjourned term held on the 23rd day of April, 1913, appointed Frank Dick, F. A. Trumbo and the relator, W. B. Flowers, as members of a county highway board for a term of two years from the date of their appointment. At its regular February term in 1913, said county court had, under the authority of sections 10551 et seq., Revised Statutes 1909, appointed one J. M. Black as county highway engineer for a term of one year, who at the time of the adoption of the Act of 1913, supra, had qualified and entered upon the discharge of his official duties. Upon the adoption of the Act of 1913, the county highway engineer became by its terms, upon the creation of said county highway board, an *ex-officio* member of same.

Upon the appointment of the three members of said board by the county court, they met in compliance with section 3 of said act, and, in conjunction with the highway engineer, organized by the election of F. A. Trumbo as president, and J. M. Black as secretary of said board. At an adjourned term of the county court held June 2, 1913, the following orders were made and entered of record:

"It appearing to the court that the appointment of Frank Dick, F. A. Trumbo and W. B. Flowers as members of the county highway board as made by the court on the 23rd day of April, 1913, was illegal and without warrant of law the said appointment is this day ordered revoked.

"It is ordered by the court that Frank Dick and F. A. Trumbo be and are hereby appointed members of the county highway commission and that they be commissioned for a term of two years from this date."

On July 16, 1913, relator petitioned this court, setting forth the facts above stated, and asking the granting of a writ of *certiorari* directed to respondents, re-

quiring them to certify a full record of their proceedings in this matter to this court, that upon said record it might be determined whether the order entered of record in the county court, removing relator from said highway board, should not be quashed and for naught held.

I. *The Highway Board.* Section 1 of said act creating the board and conferring the power of appointment upon the county court is as follows:

"Section 1. *County highway board to be appointed—term.*—There is hereby created a county highway board in each and every county in this State which shall be composed of three members. Said members of the county highway board shall be appointed as follows: Three members to be appointed by the county court of said county; the members of said board shall hold their offices for a term of two years from the date of their appointment, and they shall serve without compensation: Provided, that in counties that have or may hereafter have a county highway engineer, he shall *ex-officio* be a member of said board: Provided further, that in counties now having a population of more than seventy-five thousand inhabitants the county highway board shall be composed of the three members of the county court." [Laws 1913, p. 665.]

Words are sometimes so fittingly used, even in legislative enactments, that an attempted explanation of same tends to obscure rather than clarify their meaning. The act in question is illustrative of this truth.

The terms of the statute are unequivocal; the county highway board is to consist of three members to be appointed by the county court, who are to hold their offices for terms of two years respectively from the date of their appointment; and in addition thereto in counties in which a highway engineer has been appointed under the authority of section 10551, supra,

such engineer upon the appointment of such board, becomes a member of same, not by appointment thereto by the court, but by virtue of his office as engineer. If words were needed to render more explicit the meaning of said statute, they are to be found in the concluding provision of section 1, supra, which prescribes that "in counties now having a population of more than 75,000 inhabitants the county highway board shall be composed of the three members of the county court."  In view of the preceding provision in regard to the *ex-officio* membership in such boards of the highway engineer, it will scarcely be contended that said board in such counties is not comprised of the three judges of the county court and the highway engineer, where the latter has been appointed.

A construction which would reduce the number of the members of said board in counties of 75,000 inhabitants or less, in regard to which the same general words are used as to the numerical constitution of the board, as in counties of more than 75,000 inhabitants, would violate one of the elementals of interpretation in that it would authorize the interpolation of words to define the meaning of a statute otherwise clear and unambiguous.

We are of the opinion, therefore, that such county highway boards as are authorized by the act in question, shall, in all counties, consist of three members, to be appointed by the county court, and that the highway engineer, if there be one then or thereafter appointed, will become, by virtue of his office, a member of such board. From which it follows that the appointment of relator as a member of such board was authorized.

II.  *Member of Board, Public Officer.*  It is not inappropriate to inquire whether an appointee of a county highway board is a public officer within the mean-

ing of that term as frequently judicially defined; if so, then the removal of the appointee is governed by the rules in regard to the removal of officials of this class.

A public office is defined to be a special trust or charge created by law. [U. S. v. Maurice (2 Brock), 96 Fed. Cas. No. 15747; State ex rel. v. Shannon, 133 Mo. 139, 164.] In State ex rel. v. May, 106 Mo. 488, 505, the office of superintendent of streets of a city, filled by appointment of the mayor, was held to be a public office. In State ex rel. v. McKee, 69 Mo. 504, 508, a like ruling was made in regard to the position of constable. In State v. Dierberger, 90 Mo. 369, 375, a like classification was made in regard to the position of deputy constable and in State ex rel. v. Valle, 41 Mo. 29, it was similarly held in regard to the office of water commissioner in the city of St. Louis. In Ex parte Lucas, 160 Mo. 218, while it is not expressly so decided, the reasoning of the opinion justifies the conclusion that a membership in the board of examiners for barbers, authorized under the state law, constitutes a public office.

Other illustrations might be added from our own reports, but the foregoing will suffice to determine what is meant by the term public office as used in the statute in question. In short, one clothed with the powers, exercising the functions and receiving the emoluments of a public office, is a public officer. [State ex rel. v. Bus, 135 Mo. 325, 355; 29 Cyc. 1364.] In the Bus case, the distinction is clearly made between what is meant by a "State officer" and an "officer under the State," a distinction which the court failed to make in State ex rel. v. Dillon. 90 Mo. 229, and in State ex rel. v. Spencer, 91 Mo. 206.

Under the express statute, therefore, creating the position of a member of the highway board and in the light of the reasons stated in the cases above cited, an appointee to this position, upon qualifying, becomes a public officer, the act of his creation not only stat-

ing his term but definitely defining his duties. [Secs. 4 to 9, both inclusive, Laws 1913, p. 666.] It must be borne in mind in determining the character of this position, that it is the functions the appointee is required to perform, that determines the character of his office, and it is not material to this characterization that no salary or fees are annexed thereto, and that the position is merely honorary and exists only for the public good. [Clark v. Stanley, 66 N. C. 59, 67; Throop on Public Officers, sec. 3, p. 4.] It is provided in the Constitution (Art. 14, sec. 7, Constitution) that "the General Assembly shall, in addition to other penalties, provide for the removal from office of county, city, town and township officers, on conviction of wilful, corrupt or fraudulent violation or neglect of official duty;" in construing this section this court has held that the Legislature is not limited in enacting statutes of removals to the acts specified in the Constitution, but it may make such reasonable and proper provisions regulating same as may seem just. [State v. Boyd, 196 Mo. l. c. 59, 66; State ex rel. v. Sheppard, 192 Mo. 497, 506; Manker v. Faulhaber, 94 Mo. 430, 438.]

No particular statutory method has been provided, however, for the removal of members of county highway boards, and a reference to the general statute in regard to the removal of county, town and township officers (Sec. 10204 et seq., R. S. 1909) is necessary to determine where the authority lies and what facts will sustain such a proceeding. Without literally quoting the general statute it will suffice to say that while broader than the constitutional provision (Sec. 7, Art. 14, supra) it limits the causes of removal to dereliction of or willful refusal to perform official duty, and requires the proceedings to be commenced and heard in the circuit court.

In the absence, therefore, of particular statutes, the method prescribed and the reasons assigned in section 10204 et seq., supra, are the limits of authority for

the removal of members of any of the classes of officers therein specified. Members of county highway boards being public officers are properly designated as one of such statutory classes, and, therefore, subject to the provisions of the general statute in regard to removal. Their terms are definitely defined by law, and their duties are all of a public nature, and, while the statute is silent in regard to the subject, their removal will not be justified unless in each instance notice of proceedings therefor is given them, and they are afforded an opportunity to be heard in their own behalf (State ex rel. v. Maroney, 191 Mo. 531); or, in other words, as elaborately and learnedly discussed in State ex rel. v. Sheppard, 192 Mo. 497, they cannot be deprived of their offices without resort to the forms of the law.

There is no pretense that the relator was removed for other cause than that the county court deemed his appointment unauthorized in the first instance on the theory that the court's power of appointment was limited to two members who with the highway engineer would constitute said board. Relator's removal, therefore, under the circumstances, was without statutory sanction, and unauthorized.

III. *Certiorari: Relative to relator's right to the writ.* No right of appeal, writ of error or other remedy is provided by law for reviewing the action of a county court in cases of this character; the attempted removal of relator was an act judicial in its nature (State ex rel. v. Knott, 207 Mo. 167, 176; In Matter of Saline County Subscription, 45 Mo. l. c. 53); in the absence of a particular statute and in ignoring the general statute, the county court's action was beyond its jurisdiction. [State ex rel. v. Johnson, 138 Mo. App. l. c. 313.] County courts, except that the authority for their creation is declared by the Constitution (Sec. 1, art. 6) and they are therein authorized to transact

county business (Sec. 36, art. 6) are purely of legislative creation and derive their powers from statutory enactments; in the absence, therefore, of such authority they are powerless to act, or without jurisdiction. [Brown on Juris. (2 Ed.), sec. 13, p. 60, Sec. 20b, p. 106.] Either of these reasons is sufficient to render *certiorari* an appropriate remedy for the determination of the legality of the county court's action.

The absence of authority for the removal of relator renders a discussion of the question as to the county court's power to rescind an order at a term subsequent to that of its entry, unnecessary.

For the reasons stated the order of the county court rescinding its appointment of relator and removing him from office should be quashed, and it is so ordered. All concur.