Owen EATON, Plaintiff-Appellant,

v.

AID FOR VICTIMS OF CRIME, INC., Missouri Corporation, and Carol Vittert, Defendants-Respondents.

No. 36803.

Missouri Court of Appeals,
St. Louis District,
Division Four.

April 13, 1976.

Whitfield, Montgomery & Walton, Rita M. Montgomery, St. Louis, for plaintiff-appellant.

Armstrong, Teasdale, Kramer & Vaughan, Richard B. Scherrer, St. Louis, for defendants-respondents.

SMITH, Chief Judge.

Plaintiff appeals from a judgment entered in a court-tried case denying his petition for equitable relief and dismissing with prejudice his petition.

Plaintiff was employed by Aid for Victims of Crime, a not-for-profit corporation, as its Executive Director on March 1, 1974. His relationship with A.V.C. terminated on August 16, 1974. Defendant Vittert is the President of A.V.C. Plaintiff sought temporary and permanent injunctions preventing defendant from (1) advertising the position of director as being open; (2) hiring another individual as director; (3) spending funds allocated for his salary. He also sought reinstatement, lost wages, punitive damages and attorney's fees and costs.

Two hearings were held by the trial court, one on the temporary injunction, the other on the permanent injunction. The court denied plaintiff relief in each instance. Plaintiff focuses his attack on appeal on questions of the availability of equitable relief, adequacy of legal remedies, and the denial of the temporary injunction. We need not reach these issues.

No written contract was entered into between the parties. Plaintiff says he was orally hired for a year at $13,000 annually. Defendants deny that any length of time was established and had evidence that the salary was established at a bi-weekly rate equivalent to $13,000 annually. Plaintiff further contended that he was told, after he commenced his employment, that he could only be terminated for malfeasance or misappropriation of funds. Defendants denied this.

"The law in this state has been well stated that an indefinite hiring at so much per day, or per month, or per year, is a hiring at will, and may be terminated by either party at any time, and no action can be sustained in such case for a wrongful discharge." *Brookfield v. Drury College,* 139 Mo.App. 339, 123 S.W. 86, 94 (1909).

■ Deferring, as we must to the trial court's opportunity to assess credibility, we find only a hiring at will, subject to termination at any time.

■ The conditions which plaintiff says were stated as the only ground for discharge were not, even if true, a part of his original contract of employment and were without consideration and therefore of no validity. *Macfarland v. Heim,* 127 Mo. 327, 29 S.W. 1030, 1031 (1894); *R–Way Furniture Co. v. Powers Interiors, Inc.,* 456 S.W.2d 632 (Mo.App.1970).

Following a meeting of the board of directors on August 15, 1974, plaintiff was told that he would be discharged. He instead advised that he would resign, prepared a letter of resignation, issued a check to himself for two weeks pay, marked the check "severance pay", left the resignation in an envelope addressed to Mrs. Vittert on a desk in the corporation office. Four days later he attempted to withdraw the resignation. On those facts, the trial court could conclude that plaintiff was not in fact fired but instead voluntarily resigned, albeit under pressure.

■ Under the facts, plaintiff failed to establish he was wrongfully discharged in breach of an employment contract. All the relief he sought was conditioned upon establishing such wrongful discharge, and in the absence of such wrongful discharge he was entitled to no relief.

The judgment is affirmed.

ALDEN A. STOCKARD and NORWIN D. HOUSER, Special Judges, concur.