Aaron WILLIAMS, Plaintiff-Appellant,

v.

Donald JONES et al.,
Defendants-Respondents.

No. 38660.

Missouri Court of Appeals,
St. Louis District,
Division Four.

Feb. 7, 1978.

Freeman, Whitfield, Montgomery & Walton, Rita M. Montgomery, St. Louis, for plaintiff-appellant.

Evans & Dixon, Henry D. Menghini and Gerre S. Langton, Donald E. Becherer, David B. Agnew, St. Louis, for defendants-respondents.

SNYDER, Judge.

Plaintiff, Aaron Williams, appeals from a judgment dismissing his petition for damages, actual and punitive, for wrongful discharge from his position as an employee of the Juvenile Division of the Circuit Court of the City of St. Louis which is the 22nd Judicial Circuit of the State of Missouri. The defendants are the judge of the Juvenile Division, certain employees of that division and the Juvenile Division Board of Examiners. The defendants filed separate motions to dismiss for failure to state a claim upon which relief could be granted. The motions were granted by the trial court without leave to amend.

We affirm.

■ Respondents filed separate motions to dismiss this appeal, alleging appellant's failure to serve them with two copies of appellant's amended brief as required by Civil Rules 84.05(a) and 84.07 V.A.M.R. Under Rule 84.07, service must be evidenced by written acknowledgement of counsel served or by affidavit of the person making the service by mailing. Appellant made the usual unverified certification that the copies were mailed but did not comply strictly with the rules by making an affidavit of service. However, respondents have briefed and argued the case and no prejudice to them results from allowing the appeal. Therefore, respondents' separate motions to dismiss the appeal are denied.

The pertinent portions of plaintiff's petition, copied from the record without correction, read as follows:

\* \* \* \* \* \*

"5. Plaintiff, Aaron Williams, was expeditiously employed and his salary fixed in accordance with the charger, (sic) rules and ordinances, applicable to the civil service commission and the merit system. (VAMS 231.351 [211.351]).

\* \* \* \* \* \*

12. On or about December 30, 1974, plaintiff, Aaron Williams, was unlawfully and wrongfully discharged from employment with the Juvenile Division of the Twenty-Second Judicial Circuit of Missouri; 920 North Vandeventer, St. Louis, Mo. 63108. The termination was the culmination of transactions, activities and occurrences to wit:

A. On or about October 15, 1971, plaintiff Aaron Williams was appointed Shift Supervisor and assigned to third shift.

B. On or about April 31, 1974, defendant, David G. Braun, Casework Director was placed in supervision of plaintiff.

C. Between October 15, 1971 and July 12, 1974 plaintiff Williams had generally performed his duties as Shift Supervisor competently and expeditiously without complaint from supervisory authorities.

D. On or about July 12, 1974 defendant David G. Braun, Casework Director recommended suspension of Plaintiff, Williams for technical violations of juvenile division policies;

1) May 9, 1974; failure to follow admission policy regarding haircut of Allan Dallas, although equipment could not be found;

2) June 28, 1974: failure to awaken four juveniles at required time who were scheduled to see the doctor, (although nine juveniles had been properly awakened and were awaiting doctor's arrival and detention policy limiting group that could wait in that location to ten juvenile at one time), and, failure to insure that female juvenile (Tina Wolf) was properly dressed for her medical examination.

3) On July 10, 1974: failure to sign-in Ms. Shirley Cabbs, R.N. upon beginning of duty shift.

4) On July 9, 1974: failure to satisfactorily complete an evaluation of Michael Stark, Youth Leader.

E. On or about July 18, 1974, Superintendent of Detention, facility, defendant Ronald L. Pohle issued letter of reprimand to plaintiff Williams regarding defendant David G. Brown's request for suspension.

F. On or about November 27, 1974, Defendant Pohle's Superintendant of detention order plaintiff, Williams to further comply with July 9, 1974 reevaluation request and denied plaintiff's Williams salary increment.

G. On or about December 11, 1974, defendant, Donald Jones, Director of Court Services and or defendant, Ronald Pohle Superintendant Detention, ordered plaintiff, Willaims to submit names of individuals Williams knew had known of memo of July 12, 1974, placed in plaintiff, Williams' mail pigeonhole, without first being placed in an envelope to preserve the confidentiality of the communication.

H. On or about December 14, 1974, plaintiff Williams, declined to give names of person he knew had discussed the matter because his knowledge was second-hand and probably unfair, prejudicial and unreliable.

I. On or about December 18, 1974, Defendant Pohle, Superintendent, notified plaintiff Williams of his suspension for allegedly violating Juvenile Division policy by failing to provide requested names.

J. On or about December 19, 1974, plaintiff Williams requested hearing, on December 18, 1974 suspension, before defendants Donald R. Jones, Director of Court Services, Thomas R. McGinn, Director of Legal Services and Ronald Pohle, Superintendent; or alternatively Judge Gary M. Gaertner, Circuit Judge.

K. On or about December 23, 1974, Juvenile Division Board of Examiners convened to hear plaintiff Williams on issue of suspension.

L. On or about December 30, 1974, Juvenile Division Board of Examiner recommended to Presiding Judge Gaertner the termination of plaintiff William_ employment with the Juvenile Division, with forfeiture of all accrued vacation and compensatory leave time, effective immediately; which recommendation was duly approved.

M. That the Juvenile Division Board of Examiners were so biased and prejudicially predisposed against plaintiff Williams that the meeting of December 30, 1974 did not provide plaintiff Williams with a hearing within federal or state constitutional guidelines.

N. That the act of terminating plaintiff by the Juvenile Division Board of Examiners held on or about Monday, December 23, 1974 damaged plaintiff Williams' good name, reputation, honor and integrity, stigmatizing and otherwise depriving plaintiff Williams of his liberty and attached to him a "badge of infamy" violative of procedural due process, and plaintiff, as a direct result of his termination, has obtained an ulcer and is continuing to suffer therefrom.

O. That the act of terminating plaintiff by the Juvenile Division Board of Examiners held on or about Monday, December 23, 1974, imposed a disability that foreclosed or limited plaintiff Williams' freedom to take advantage of future employment opportunities without giving plaintiff a fair hearing as required by minimum procedural due process standards.

P. That the act of terminating plaintiff by the Juvenile Division Board of Examiners held on or about Monday, December 23, 1974 was not a "hearing on the record" VAMS 536.000 [536.010] et seq. to wit:
   a) The decision was not on the "whole" record,
   b) The decision was not supported by probative and substantial evidence.
   c) No evidence was presented at the hearing on the issue of job performance, nor was plaintiff Williams given an opportunity to present his case or defense by oral or documentary evidence, to submit rebuttal evidence and to conduct such cross-examination as may be required for a full and true disclosure of facts.

Q. That the act of terminating plaintiff by the Juvenile Division Board of Examiners held on or about Monday, December 23, 1974 was an adjudicative hearing in order

to determine whether plaintiff Williams had violated Juvenile Division policy and therefore plaintiff Williams had the right to be represented by competent counsel.

R. That the act of terminating plaintiff by the Juvenile Division Board of Examiners held on or about Monday, December 23, 1974 deprived plaintiff Williams of substantial due process gurantees because "ultimate" findings were not clearly stated; and the grounds upon which the Board of Examiners acted or the findings and conclusions, as well as the reasons or bases for said decision were not disclosed.

S. That the act of terminating plaintiff by the Juvenile Division Board of Examiners held on or about Monday, December 23, 1974 was for the aforementioned reasons arbitrary, capricious and unreasonable and resulted in an abuse of discretion in violation of Section 536.140, Mo. R.S."

     *     *     *     *     *     *

Appellant contends that the trial court erred in dismissing his petition. In support of that contention he claims that the petition alleged a contract between him and the juvenile division and that even if there was no contract he has certain interests which are subject to protection under procedural due process and which entitle him to a hearing.

■ In reviewing the dismissal of a petition for failure to state a cause of action we are required to construe the petition favorably to plaintiff. If the petition, when all of the allegations are given every reasonable and fair intendment, invokes substantive principles of law which, if proved, may entitle the pleader to relief, the petition is not to be dismissed. *Watson v. Franklin Finance,* 540 S.W.2d 186 (Mo.App.1976); *Wells v. Henry W. Kuhs Realty Company,* 269 S.W.2d 761 (Mo.1954).

■ In Missouri, the rule regarding the essential elements of an action based upon wrongful discharge from employment is clear. A contract of employment and a breach thereof are prerequisites to a cause of action for wrongful discharge. *Williams v. Kansas City Public Service Company,* 294

S.W.2d 36 (Mo.1956); *Craig v. Thompson,* 244 S.W.2d 37 (Mo.banc 1951). An indefinite hiring is a hiring at will which may be terminated by either party at any time, and no action can be sustained for wrongful discharge. *Eaton v. Aid for Victims of Crime, Inc.,* 536 S.W.2d 176 (Mo.App.1976); *Brookfield v. Drury College,* 139 Mo.App. 339, 123 S.W. 86 (Mo.App.1909).

■ In the absence of a contract, termination of appellant's employment was at the will of the employer, here the juvenile court. Just as appellant could have left his employment at any time with or without cause, so also could he be discharged at any time with or without cause.

■ The petition alleges no contract and breach thereof to support an action for wrongful discharge. Nowhere in the petition do even the words "contract" or "breach of contract" appear. No facts of any nature are set forth which could be construed as the basis for a contractual relation. In this respect, the petition fails to state a cause of action.

■ Does the fact that he was employed by the juvenile court give appellant rights he would not have in a private employment situation? The petition alleges that appellant was employed pursuant to § 211.351, RSMo 1969 which reads in part as follows:

"1. The juvenile court shall appoint a juvenile officer and other necessary juvenile court personnel to serve under the direction of the court in each county of the first and second class * * *."

Section 211.331, RSMo 1969 was not referred to in plaintiff-appellant's petition, but it relates to juvenile detention facilities and states in paragraph 3:

"The place of detention shall be in charge of a superintendent. The judge of the juvenile court shall appoint and fix the compensation and maintenance of the superintendent and of any assistants or other personnel required to operate the detention facility. Such compensation and maintenance are payable out of funds of the county."

The appellant here was employed at the detention center of the juvenile court.

Both sections of the statute give the juvenile judge the power to appoint juvenile court personnel. Nothing in either of these sections provides for a definite term of employment, and we have not been referred by appellant to any other statutory provision which establishes either a definite term or a prescribed method of termination. Therefore, appellant's employment was at the will of the juvenile court and he was subject to removal at any time by the judge, with or without cause.

The facts in *State ex rel. Mincke v. Sartorius,* 231 Mo.App. 807, 95 S.W.2d 873 (Mo. App.1936) closely parallel the facts here. In *Mincke* a preliminary writ of prohibition was granted which prevented a juvenile court judge from discharging certain deputy probation officers. The court of appeals quashed the writ of prohibition saying at page 875:

"In such a situation, that is, where the officer holds his office merely 'at the pleasure' of the appointing power, the law is well settled that he may be removed from his office without formal charges of misconduct in office and without a hearing."

In the recent case of *Cooper v. City of Creve Coeur,* 556 S.W.2d 717 (Mo.App.1977), this court was faced with a situation similar to the one now before it. In *Cooper* a deceased policeman's widow sued the City of Creve Coeur for wrongful discharge of her husband. The trial court dismissed the petition. On appeal this court affirmed, citing *Christy v. Petrus,* 365 Mo. 1187, 295 S.W.2d 122 (Mo.banc 1956) saying at page 720: "It is apparent that absent a contract or statute granting Cooper a term or some provision that he could be discharged only for cause, the petition does not state a claim for relief."

The petition sets forth no allegations of a statutory term or other provision which would enable us to hold that it states a cause of action in this respect.

Paragraph 5 of the petition refers to the charter, rules and ordinances, applicable to the Civil Service Commission and the merit system without being more specific. Appellant's brief presents us with no specification

of error relating to this paragraph but what we have said concerning the statutory basis for appellant's employment disposes of this allegation. Appellant was employed and discharged under definite statutory provisions (§§ 211.331 and 211.351, RSMo 1969) which permitted the appointing authority, here the juvenile judge, to terminate appellant's employment at will.

■ The petition alleges a violation of § 536.140, RSMo in subparagraph 12. S. and refers generally to "VAMS 536.000 [536.-010] et seq." in subparagraph 12. P. Section 536.140, RSMo 1969 relates to the scope of judicial review of administrative actions. The section is not applicable here since it applies only to "contested cases" which are described as "a proceeding before an agency in which legal rights, duties or privileges of specific parties are required by law to be determined after hearing;" § 536.010(2), RSMo 1969. Here there is no right, duty or privilege of appellant determinable after a hearing. Appellant's employment was an employment at will. No hearing was "required by law". This is not a "contested case" as defined in Chapter 536, RSMo 1969 and therefore the statute is not applicable.

■ Because appellant was not entitled to any hearing, the court need not consider any alleged deficiencies in the hearing gratuitously granted to appellant.

■ Appellant correctly advances the principle that under the 14th Amendment to the U. S. Constitution due process protection is required if governmental conduct likely will: (1) seriously damage his standing and associations in his community; (2) impose a stigma upon the employee that will foreclose his future opportunities to practice his chosen profession; or (3) constitute an admittedly direct impingement upon the employee's free speech interest. *Board of Regents of State College v. Roth,* 408 U.S. 564, 92 S.Ct. 2701, 33 L.Ed.2d 548 (1972). Appellant's own petition, however, establishes that he was discharged only because of improper job performance and alleges no facts which would support a cause of action based on violation of appel-

lant's due process rights. The allegations in subparagraphs 12. N. and 12. O. of the petition are mere legal conclusions and not the averments of fact which are required. In order to require a due process hearing, the charges must involve imputation of illegal, dishonest or immoral conduct which call into question the employee's good name, honor or integrity. *Connealy v. Walsh,* 412 F.Supp. 146 (D.C.Mo.1976); *Lake Michigan College Fed. of Teachers v. Lake Michigan Community College,* 518 F.2d 1091 (6th Cir. 1975). Further, there must be a public disclosure of the reasons for dismissal before there can be damage to the community reputation of the discharged employee. *Bishop v. Wood,* 426 U.S. 341, 96 S.Ct. 2074, 48 L.Ed.2d 684 (1975). No facts are alleged in the petition to support such charges or public disclosure.

Since the dismissal of the petition by the trial court is affirmed, this court need not decide whether the Juvenile Division Board of Examiners is a legal entity with the capacity to be sued and a proper defendant in this case.

A review of the record and the applicable law shows convincingly that the judge of the Juvenile Division had the authority to discharge appellant as he did. Appellant's petition failed to state a cause of action, based on either contract or statute. The petition contained no factual allegations sufficient to support a claim that the procedural due process rights of plaintiff were violated.

The judgment of dismissal is affirmed.

SIMEONE, P. J., and DOWD, J., concur.